STEVEN W. CALL (5260)
JUSTIN M. KUETTEL (16873)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Email: scall@rqn.com
   jkuettel@rqn.com

*Attorneys for State Bank of Southern Utah*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**ALLEN BEAL**<br><br>Debtor. | Chapter 7 Case<br>No. 19-20276<br><br>Adversary Proceeding<br>No. 19−02043 RKM<br><br>Honorable R. Kimball Mosier<br><br>(Filed via ECF) |

**STATE BANK OF SOUTHERN UTAH'S VERIFIED MOTION FOR EXTENSION OF TIME FOR FILING ADVERSARY PROCEEDING FOR NON-DISCHARGEABILITY AND DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 and 727**

Pursuant to Bankruptcy Rule 9006(b), State Bank of Southern Utah ("**State Bank**"), a creditor in the above-captioned chapter 7 bankruptcy case, through counsel, respectfully moves this Court for the entry of an order granting State Bank the following relief:

## PRECISE RELIEF REQUESTED

Pursuant to Bankruptcy Rule 9006(b), State Bank seeks an order extending the deadline for approximately seventeen (17) minutes from April 22, 2019 11:59 p.m. until April 23, 2019 at 12:16 a.m., for the filing of State Bank's adversary complaint pursuant to 11 U.S.C. §§ 523 and 727 against the Debtor and Defendant Allen Beal (hereinafter "Defendant").

## GROUNDS FOR RELIEF

The relief sought should be granted on grounds of excusable neglect pursuant to Bankruptcy Rule 9006(b). The Clerk's ECF filing system was not functioning properly and State Bank had no other way to open an adversary proceeding and file the complaint prior to the midnight deadline.

## VERIFIED STATEMENT OF FACTS

1. State Bank is a creditor in the above-captioned case pursuant to three loan transactions made between State Bank and Defendant Beal and two entities owned by him.

2. On December 4, 2018, the Sixth District Court, State of Utah, entered a default judgment against Defendant and others in the amount of $237,683.01.

3. On April 5, 2019, the Bankruptcy Court entered its Order Authorizing the Rule 2004 Examination of Defendant (Dkt. No. 20).

4. Prior to April 22, 2019, State Bank's counsel, Ray Quinney & Nebeker P.C., ("RQN") prepared a draft of a complaint against Defendant.

5. On April 22, 2004, State Bank's counsel, Steven Call (hereinafter "Counsel") performed the Rule 2004 examination of Defendant.

6. After Defendant's 2004 examination was completed on the afternoon of April 22, 2019, State Bank's Counsel made revisions to the draft complaint.

7. In the afternoon of April 22nd, 2019, State Bank's Counsel contacted RQN's bankruptcy paralegal, Ms. Carrie Hurst, and inquired whether the Bankruptcy Court's software had been changed and specifically the current procedure for paying the filing fee needed to open an adversary proceeding.

8. Counsel also obtained a credit card for RQN for paying the Court's fee for opening an adversary proceeding and filing the complaint.

9. State Bank's complaint was finalized together with the corresponding 10 exhibits. The Exhibits were properly and timely scanned into Portable Document Files (i.e., PDFs) and copies were placed on Counsel's desktop for filing with the Court. State Bank's complaint was also converted from a Microsoft Word document into a PDF file for filing at approximately 11:24 p.m.

10. Counsel had everything scanned and ready to file the complaint and exhibits with the Court prior to 11:30 p.m. on April 22, 2019. Thereafter, Counsel undertook to file the complaint at approximately 11:35 p.m. At that time, Counsel logged in into the ECF filing system for the United States Bankruptcy Court for the District of Utah.

11. Commencing at approximately 11:40, counsel made repeated efforts to file the complaint on the Clerk's ECF filing system but he encountered technical problems with the Court's ECF filing system.

12. One of the problems that arose was that the software would not allow Counsel to enter the dollar amount in the field in which the dollar amount prayed for in the complaint is

entered (the "demand field"). Counsel would insert the amount of demand into the demand field but the software would state that "an integer was missing". Counsel tried entering the amount in the demand field with and without a dollar sign and with and without commas but the system repeatedly responded that an integer was missing. The filing system would not move to the next window thereby prohibiting the filing of the complaint.

13. After a significant amount of time and after numerous attempts, Counsel began entering random numbers in the demand field. Counsel inserted the random numbers of 200 or 2000 and the system accepted the number and then advanced to the next window.

14. After Counsel was able to get past that window, Counsel attempted to enter into the next window but an error arose indicating that there were duplicate defendants. Counsel backed-up and removed the name of the defendant / debtor in one location. Counsel then proceeded.

15. Counsel then reached the window which stated a payment of $350 was needed to open an adversary proceeding. The system asked whether Counsel wanted to pay via internet, waiver or deferral. Counsel selected pay via the internet but the system then provided "next pay $350" or "pay next $350". In response, Counsel received numerous errors which stated, in part, "Case opening failed writing answer records".

16. Counsel could not get a payment window to open on numerous attempts. The system would state next pay $350 fee but without a method to pay. Counsel then hit the back button from that window multiple times to see if he could get the payment window to open.

17. Counsel called an associate with RQN at 11:44 p.m. to inquire about the filing difficulty but the associate was unable to provide any assistance.

4

18. As the filing seemed futile, State Bank's Counsel sent Defendant's counsel, William Morrison, an email with a copy of the complaint at 12:02 a.m. A copy of the email (without attachments) is attached as Tab A.

19. Shortly thereafter, at 12:08 a.m. on April 23, 2019, Counsel sent a second email to Mr. Morrison with another copy of the complaint and trial Exhibits 1 through 4. The email stated:

> Will,
>
> I have been trying to file the Bank's complaint fort 25 minutes but there were problems with the software. As such, I am emailing [the] complaint to you with the exhibits.

A copy of the email (without attachments) is attached as Tab B.

20. At 12:09 a.m. on April 23, 2019, Counsel sent another email to Mr. Morrison which contained Exhibits 5 through 10 to the complaint. A copy of the email (without attachments) is attached as Tab C.

21. Despite the foregoing problems, Counsel made continued efforts to file the complaint as soon as possible. Finally, approximately 37 minutes later, the system apparently filed the complaint even though the $350 payment to open the adversary proceeding had not been processed.

22. When Counsel's office opened the ECF filing system the next morning, a payment window opened asking for a $350 payment to open the adversary proceeding.

23. Counsel's office also filed the exhibits to the complaint. (A subsequent filing was made to correct one of the exhibits.)

24. On the morning of April 23, 2019, Counsel's office reported the software problem to the Court's Clerk.

25. Counsel was directed to and spoke with the Court's IT department and explained the problems in detail. In discussing the matter with the Court's IT department, Counsel was told that the problems and error messages that he received reflected that the software was not operating correctly. Counsel was informed that even though he backed-up several times and repeatedly tried to file, the software would still produce the same errors. He indicated that if the software routine is corrupt that the back-up bottom does not correct the problem, and a filer must at least go back to the initial blue screen. A complete log out and restart would also work. There is nothing in the filing software indicating that the back-up button is ineffective to solve software problems.

26. On April 23, 2019, Mr. Morrison responded to Counsel's earlier emails stating: "It looks like you missed the filing deadline. What software problems are you referring to? Why did you wait so long to file."

27. State Bank's Counsel responded as follows:

Will:

The problem that arose was that the software would not allow me to file the complaint. One of the problems was that when I inserted the dollar amount into the window for the 523 claim, the system would state that an integer was missing. Despite entering various numbers in various configurations, including with and without dollar signs and comas, the system would not move to a new window. After a significant amount of time and numerous attempts I inserted an inaccurate number of 2000 and then it moved to the next window. However, the system would ask whether you want to pay via internet, waiver or deferral, I could not get the window to open on numerous attempts. Thus, the system would still state pay $350 fee but without a method to pay. I backed up and tried numerous times to have the payment window open but it would not. I also had other similar problems with the software.

6

> I discussed the matter with the Court's IP department and was told that the problems and error messages that I received reflect that the software was not operating correctly. I was told that even though I backed up and tried repeatedly to file, the software would still produce the same errors. I was told that when these problems occur, the best approach is not to use the back-up button in the software to start over but to exit out (or go back to the first blue bar) and start over. As to timing, I had everything scanned and first attempted to file at 11:35 p.m. As filing seemed futile I sent you an email with a copy of the complaint. Shortly thereafter, I sent the exhibits. Finally after nearly 40 minutes, the system apparently filed one of the attempted filings of the complaint without payment. When the system was opened this morning, a payment window came up. It is my understanding, this is not the first time this has occurred.
>
> In any event, I believe the clerk's office will be addressing and disclosing the filing problem that occurred.
>
> Steve

A copy of the email is attached as <u>Tab D</u>.

28. Counsel also contacted the Chief Clerk, David A. Sime, and reported the problem to him. Mr. Sime indicated that he would investigate the matter. Sometime later on May 7, 2019, Mr. Sime wrote a letter to Counsel concerning the matter. A copy of the letter is attached as <u>Tab E</u>.

29. The letter indicates that Counsel logged in to the Court's CM/ECF system on April 22, 2019 at 11:40:45 p.m., that Counsel was continuously logged on to the system until 12:49 a.m. on April 23, 2019, that the complaint as accepted at 12:16 a.m. on April 23, 2019. The Letter also states that the complaint's own properties indicate that it was converted to a PDF document at 11:24 p.m. The letter, paragraph 3 provides in part that the system will give an error stating "[y]ou have to enter a valid integer number". However, the error received by Counsel was that an "integer is missing". Paragraph 4 also recites that Counsel reported he had problems with the demand field and payment.

30. The letter, paragraph 6, indicates that they checked the system and that it appeared to be operating properly. (Tab E, page 2). This one paragraph is contrary to the information provided to Counsel in that an IT employee entered numbers in the demand field and were able to duplicate the same problem. He also indicated that because the software does not back-up well on the system, that to solve such problems a filer needs to back all the way to the blue screen and essentially start over. While he did not report that they had similar problems that evening, it was Counsel's understanding from his conversation with the IT employee that these problems have occurred before when the back-up button is used.

**ARGUMENT**

**I. THE BAR DATE FOR FILING STATE BANK'S COMPLAINT SHOULD BE EXTENDED FOR EXCUSABLE NEGLECT.**

Bankruptcy Rule 9006(b) provides that a deadline may be enlarged by a motion made after the expiration of the specified time in which to act if the failure to act was as a result of excusable neglect. The Rule provides:

(b) Enlargement.

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b). Under Tenth Circuit Case law:

[t]he determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489 (discussing application of the excusable neglect standard of Fed. R. Bankr.P.R. 9006(b)(1)). Relevant

> factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* " '[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.' " United *States v. Torres,* 372 F.3d 1159, 1163 (10th Cir.2004) (quoting *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994)). An additional consideration is whether the moving party's underlying claim is meritorious. *See Cessna Fin. Corp.,* 715 F.2d at 1444–45 (discussing, in the context of a motion to set aside a default judgment, the need to avoid frivolous litigation).

*Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005). As set forth above in the above Verified Statement of Facts, the Clerk's filing software was not operating properly prior to the end of the day on April 22, 2019, which precluded the ability of State Bank's Counsel to file the complaint. The delay was less than 20 minutes, the delay had no impact on any judicial proceedings, the reason for the delay was beyond State Bank's control and the Bank acted in good faith in seeking to file the complaint timely. Thus, State Bank's Motion for the extension of time should be granted as a matter of law.

**II.  STATE BANK'S COMPLAINT SHOULD BE DEEMED TIMELY FILED ON APRIL 23, 2019 AT 12:17 A.M. BECAUSE THE CLERK'S FILING SOFTWARE WAS NOT FUNCTIONING PROPERLY.**

Rule 9006(c) provides that the time for performing an act may be filed on the next accessible day if the Clerk office is inaccessible. The Rule reads in part:

> (3) Inaccessibility of Clerk's Office. Unless the court orders otherwise, if the clerk's office is inaccessible:
>
>> (A) on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or
>>
>> (B) during the last hour for filing under Rule 9006(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.

(4) "Last Day" Defined. Unless a different time is set by a statute, local rule, or order in the case, the last day ends:

(A) for electronic filing, at midnight in the court's time zone; and

Bankruptcy Rule 9006(c).  Because the Clerk's filing software was not functioning property for the reasons set forth in the Verified Statement of Facts, the date for filing was extended to April 23, 2019.

WHEREFORE, based upon the foregoing, State Bank prays the Court to grant its Motion to extend the bar date for filing its complaint by twenty minutes or that it determine that the filing date was extended by one day or one twenty minutes because the filing software was not functioning properly.

DATED this 10th day of May, 2019.

**RAY QUINNEY & NEBEKER P.C.**

/s/  *Steven W. Call*
Steven W. Call
*Attorneys for State Bank of Southern Utah*

## VERIFICATION OF STEVEN W. CALL

Steven W. Call being first duly sworn upon oath, deposes and states that he has read the foregoing Verified Statements of Facts, that he has personal knowledge of those and that the same are true and correct.

*/s/ Steven W. Call*
Steven W. Call

STATE OF UTAH         )
                      :§.
COUNTY OF SALT LAKE   )

On the 10 day of May, 2019, Steven W. Call appeared before me and acknowledged the foregoing Verification.

*/s/ Ruth Garner*
Notary Public
Residing at Salt Lake City, Utah

My Commission Expires:

RUTH GARNER
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 04/03/2021
Commission # 694372

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to the ECF users registered to receive email notice/service for this case.

 <i>/s/ Eliza Tito</i><br>
Eliza Tito, legal assistant

1486374