Will Morrison (07587)
MORRISON LAW OFFICE, INC.
5957 S Redwood Rd, #101
Salt Lake City, UT 84123
Telephone: 801-519-9772
Email:  willmorrison01@gmail.com

Attorney for Debtor/Defendant Allen Beal

---

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy Case No.: 19-20276 |
| ALLEN BEAL | : | Chapter 7 |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| STATE BANK OF SOUTHERN UTAH, | : | |
| a Utah banking corporation, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No.: 19-02043 |
| | : | |
| v. | : | |
| | : | |
| ALLEN BEAL, | : | |
| | : | |
| Defendant/Debtor. | : | |

---

**DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING**

---

COMES NOW the Defendant, Allen Beal, by and through counsel, who hereby

submits the following Motion to Dismiss Plaintiff's Adversary Proceeding on the grounds

it has not been timely filed.  This motion is made pursuant to Rule 12(b) of the Federal

Rules of Civil Procedure and other applicable law.  In support hereof, Defendant states

and represents as follows:

**INTRODUCTION:**

Plaintiff has filed an Adversary Complaint against the Defendant one day after

the applicable bar date had expired, asserting a claim for nondischargeability under §

523(a)(6) and also objecting to discharge under §§ 727(a)(3) and (4).[1]  On its face, the

Complaint is untimely.  Recognizing the untimeliness of the Complaint, Plaintiff has

since attempted to file a Motion for an Extension of Time, which Motion is also untimely.

Controlling law indicates that the bar date (i.e., the deadline for objecting to discharge

and to dischargeability) is a hard and fast limitation period, and that motions to extend

the bar date must be filed before the bar date has expired or they may not be granted

by the Court.  Because the Complaint and the Motion were both untimely filed, after the

applicable bar date had passed, this Court lacks jurisdiction to consider the Complaint,

and must dismiss it forthwith.

**DEFENDANT'S VERIFIED STATEMENT OF FACTS:**

Defendant submits the following "Verified Statement of Facts" [these facts are

verified according to the Verification set forth at page 9 below]:

1.     Defendant's Chapter 7 bankruptcy case was filed on 1/15/19.  The

deadline set by the Bankruptcy Court for objecting to discharge and/or to

dischargeability was April 22, 2019.  (See "Notice of Chapter 7 Bankruptcy

Case", dated 1/22/19, on file with the Court.)

2.     State Bank of Southern Utah was duly listed by the Debtor as a creditor in

---

[1]The complaint also includes several other noncognizable causes of action, such
as a claim for accounting and for punitive damages.

the case, and it appears on the Court's creditor matrix (see Matrix and

Debtor's Schedule E/F, on file with the Court.)

3.     Defendant's 341 Meeting was held on 2/20/19 at 9:30 AM, and Plaintiff's

attorney, Steven Call, attended the Meeting on behalf of the Plaintiff and

posed questions of the Debtor.

4.     Thereafter, Plaintiff waited until 4/5/19 to file a motion for 2004 exam of

the Debtor (Dkt #14 in case #19-20276), scheduling the exam on 4/22/19

at 9:30 AM, at the office of Plaintiff's counsel in Salt Lake City, Utah (Dkt

#22 in case #19-20276).

5.     Both Defendant and his counsel had to adjust their schedules to

accommodate appearing at the 2004 exam as scheduled.  In doing so,

counsel for the Defendant asked Plaintiff's counsel if the 2004 exam could

be held at 11:00 AM, rather than 9:30 AM, so as to accommodate the

Defendant who would be traveling from his residence in Ephraim on the

morning of the exam (a distance of well over 100 miles away, one way).

6.     Defendant's counsel refused to allow the 2004 exam to be held later than

9:30 AM, stating he did not want to "work late" that day.

7.     The 2004 exam then commenced as scheduled and was subsequently

completed at about  2:30 PM on 4/22/19, leaving Plaintiff's counsel with

approximately 9½ hours of time within which to file an adversary complaint

that he claims had already been previously prepared (see Fact #4 of the

Plaintiff's Verified Motion for Extension of Time).  Despite this, the

Complaint was not filed until after the midnight deadline.

8.    Plaintiff has since alleged that certain technical difficulties were

encountered when its counsel attempted to file the adversary complaint

late in the evening of 4/22/19.

9.    David A. Sime of the Bankruptcy Court has investigated the Plaintiff's

claims and has submitted a letter to the Court with applicable findings

(hereinafter the "Sime Letter" ((Dkt #28 of Case #19-20276)).

10.    The Sime Letter indicates that Plaintiff's counsel first accessed the Court's

CM/ECF system at 11:40:45 PM on 4/22/19, and that the Complaint was

not accepted for filing until 12:16 AM on 4/23/19 (Sime Letter, page 1, ¶¶

1-2).

11.    Regarding the allegation that the CM/ECF system was not functioning

properly, the Sime Letter states in pertinent part: "You contacted the Court

to report the problems you had with your filing on Tuesday, April 23, 2019.

Once notified, **we checked the system and found it to be working**

**properly.  We received no other reports of problems with the system**

**from other CM/ECF filers during the same time frame**."  (Sime Letter,

page 2 at ¶6 (emphasis added)).

12.    More than 20 days after the 4/22/19 bar date had expired, Plaintiff filed a

motion for extension of time to file its adversary complaint, which motion

was also not timely filed (see Argument below).

**GOVERNING LAW**:

Rule 12(b)(6) of the Federal Rules of Civil Procedure applies in adversary

proceedings (see Fed. R. Bankr. P. 7012(b)).  Rule 12(b)(6) provides that a defense

asserting "the failure to state a claim upon which relief may be granted" may be made

by motion.  Fed. R. Civ. P. 12(b)(6).

The deadline for objecting to discharge, and the deadline for objecting to the

dischargeability of a claim, are hard and fast deadlines that can only be extended for

cause, provided that a motion to extend the deadlines be filed **before** the expiration of

the applicable deadlines.  This is black letter law, and is found in Rules 9006(b)(1)-

(b)(3); 4004 (a)-(b); and 4007 of the Federal Rules of Bankruptcy Procedure.  It has

also been aptly summarized in case law, such as in In re Winthrow, 570 B.R. 452 (ND

Georgia 2017), as follows:

● "The deadlines for (1) filing a complaint or (2) seeking an extension of time to

file the complaint ... are hard and fast." Winthrow, 570 B.R. at 455.

● "The Court begins with the legal foundation that an objection to discharge and

an objection to the dischargeability are two distinct and different claims for relief.  The

grounds for objection to discharge are set forth in § 727(a)(2) through (a)(8).  The

grounds for objection to the dischargeability of a debt are set forth in § 523(a)(2)

through (a)(19). ..." Winthrow, 570 B.R. at 455.

● "Not only are objections to discharge and [to] dischargeability controlled by

different sections in Title 11, they are each governed by separate Bankruptcy Rules.

Bankruptcy Rule 4004(a) provides that a complaint objecting to a chapter 7 discharge

must be filed no later than 60 days after the first date set for the meeting of creditors.

This deadline may be extended on motion of a party in interest, **but the motion must**

**be filed before the time has expired**.  Likewise, Bankruptcy Rule 4007(c) provides

that a complaint to determine the dischargeability of a debt under § 523(c) (that is,

under § 523(a)(2), (a)(4), or (a)(6)) must be filed no later than 60 days after the first

date set forth the meeting of creditors.  **The court may extend this deadline, on**

**motion, as long as the motion is filed before the time has expired**.”  Winthrow, 570

B.R. at 455 (emphasis added).

● “[W]hile Bankruptcy Rule 9006(b) permits late filings when due to excusable

neglect in some circumstances, an extension due to excusable neglect is not available

for application to extensions under either Bankruptcy Rule 4004 or 4007.”  Winthrow,

570 B.R. at 455.

## ARGUMENT

I.      **BOTH THE PLAINTIFF'S ADVERSARY COMPLAINT AND ITS SUBSEQUENT MOTION FOR AN EXTENSION TO FILE THE ADVERSARY COMPLAINT ARE UNTIMELY, THEREBY RENDERING THIS COURT WITHOUT JURISDICTION TO HEAR THE MATTER**

Dismissal of the Plaintiff's Adversary Complaint (the “Complaint”), and denial of

the Plaintiff's Motion for an Extension of Time for Filing Adversary Proceeding (the

“Motion”), is proper and appropriate under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, because both the Complaint and the Motion were late filed.  Defendant has

already submitted an Objection with this Court to the Motion, outlining in detail the

reasons why the Complaint was late and why the Motion fails as a matter of law.  (See

Dkt #32 in Case #19-20276.)  Defendant requests that the Court review the Objection,

and consider the arguments and legal authorities cited therein.  For purposes of brevity,

Defendant will not re-state the totality of the arguments cited in his Objection.  Instead,

Defendant wishes to emphasize the following key points:

Point #1:  Plaintiff has been on notice of the Defendant's bankruptcy case from

the very outset of the case (it was scheduled as a debt on Schedule E/F and it appears

on the matrix in this case); it attended the Defendant's 341 Meeting through counsel; it

waited until 4/22/19 to conduct a 2004 exam; it finished the 2004 exam at

approximately 2:30 PM on 4/22/19; and it then failed to file an adversary complaint by

midnight on 4/22/19, finally filling the Complaint on 12:16 AM on 4/23/19, after the bar

date had already expired.  These facts are all undisputed.

Point #2:  Plaintiff did not file a motion to extend the deadline for filing an

adversary complaint until 5/13/19 (more than 20 days after the 4/22/19 bar date had

expired).  In its motion, Plaintiff attempted to rely upon "excusable neglect", but that

standard is inapplicable to requests for extensions of time to file an objection to

discharge and/or to dischargeabilty.  Winthrow, 570 B.R. at 455.

Point #3:  Motions for an extension of time to object to discharge and/or to

dischargeabliity must be filed **before** expiration of the bar date.  Winslow, 570 B.R. at

455.  It is undisputed that the Plaintiff's Motion was filed 21 days **after** the bar date had

already expired.  It is thus untimely on its face.  Pursuant to In re Robinson, 525 B.R.

822, 826 (ND Georgia 2015), and In re Noll, 249 B.R. 568 (M.D. Fla. 2000), the

deadlines provided in the Bankruptcy Rules are to be strictly enforced.

Point #4:  Equitable tolling is not available to the Plaintiff's to salvage its late filed pleadings.  Once again, the reasons for this are explained in detail in the Defendant's Objection, and need not be repeated herein (please see the Defendant's Objection at Argument II, along with the cases and authorities cited therein, including but not limited to In re Harper, 489 B.R. 251 (ND Georgia 2013); In re Canonico, Bankr. Ct. D. New Jersey (2017) (copy attached to Defendant's Objection at Ex. 1); In re Moseley, 470 B.R. 223 (Bankr.M.D.Fla. 2012)).

Point #5:  The Plaintiff's Complaint includes several causes of action (claims 3-6) that are not cognizable claims in an adversary proceeding, being derivative and/or tangential claims that have no basis in law or fact.  Those claims are also untimely and should be dismissed.

Succinctly stated, the Plaintiff has not only missed a hard and fast deadline for filing an adversary complaint on time, but it also missed a hard and fast deadline for requesting an extension.  As a result, this Court lacks jurisdiction to hear the Complaint, and should immediately dismiss it with prejudice forthwith.

## CONCLUSION:

Based upon the foregoing, Defendant respectfully requests that the Court enter an Order dismissing the Plaintiff's Adversary Complaint as untimely filed.  Defendant requests such further and additional relief as the Court may deem to be just and proper.

DATED: 6/3/19                    /s/    Will Morrison
                                        MORRISON LAW OFFICE, INC.
                                        Attorney for Defendant/Debtor

## VERIFICATION OF WILL MORRISON:

Pursuant to Utah Code Ann. § 78B-18a-106 and other applicable law, I declare

under criminal penalty under the law of Utah that I am over the age of 18 and have

personal knowledge of the allegations set forth in the above "Defendant's Verified

Statement of Facts", and that such allegations are true and correct.

DATED: 6/3/19                              /s/      Will Morrison
                                                   Attorney for Defendant


## CERTIFICATE OF SERVICE

This certifies that on 6/3/19, I caused to be served, via the method of service set
forth below, a true and correct copy of the foregoing Defendant's Motion to Dismiss
Plaintiff's Adversary Proceeding, upon each of the following:

Steven W Call
Ray Quinney & Nebeker, PC
via ECF Notification

Office of US Trustee
via ECF Notification

Philip G Jones
Chapter 7 Trustee
via ECF Notification

DATED:  6/3/19                                   /s/      Will Morrison