STEVEN W. CALL (5260)
JUSTIN M. KUETTEL (16873)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone: (801) 532-1500
Email: scall@rqn.com

*Attorneys for State Bank of Southern Utah*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>ALLEN BEAL, an individual,<br><br>    Debtor. | Bankruptcy No. 19-20276<br>(Chapter 7) |
| STATE BANK OF SOUTHERN UTAH,<br>a Utah banking corporation, plaintiff,<br><br>    vs.<br><br>ALLEN BEAL, an individual,<br><br>    Defendant. | Adversary No. 19-02043<br><br><br>Hon. R. Kimball Mosier |

**STATE BANK OF SOUTHERN UTAH'S OBJECTION TO AND
MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION TO STRIKE**

**OBJECTION**

Plaintiff State Bank of Southern Utah, by and through its counsel of record, hereby objects to the relief sought in by the Debtor and Defendant Allen Beal, ("Defendant") in his Motion to Strike (the "Motion") (Dkt. No. 33). The grounds in support of the Objection are set forth hereafter.

**MEMORANDUM**

**I. DEFENDANT'S MOTION TO STRIKE FACT #25 AND THE SECOND SENTENCE OF FACT #30 IS UNSUPPORTED BY FEDERAL STATUTES AND CASE LAW**

The Defendant's objection to the specific three paragraphs of Fact #25 is unsupported by federal statute and case law.

Federal Rule of Evidence 602 provides as follows:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.

Fed. R. Evid. 602

"This standard is not difficult to meet. A court should exclude testimony for lack of personal knowledge 'only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to.'" *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)); *Marland v. Asplundh Tree Expert Co.*, No. 1:14-CV-40 TS, 2017 WL 435764, at *1 (D. Utah Feb. 1, 2017); see also 1 Kenneth S. Broun, McCormick on Evidence § 10 n. 6 (7th ed.2013) ("[T]he foundational fact of personal knowledge under Rule 602 falls under Rule 104(b); and the trial judge plays only a limited, screening role, merely deciding whether the foundational testimony would permit a rational juror

to find that the witness possesses the firsthand knowledge."); Wright & Gold, supra § 6022 ("[T]he testimony is excluded only if, as a matter of law, no juror could reasonably conclude that the witness perceived the facts to which she testifies."). "Because its purpose is to assure reliability, Rule 602 prohibits non-experts from testifying unless they have personal knowledge as to the matters on which they testify." *In re Furr's Supermarkets, Inc.*, 373 B.R. 691, 704 (B.A.P. 10th Cir. 2007). If a rational juror could conclude based on a witness's testimony that he or she has personal knowledge of a fact, the witness may testify about that fact. *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132–33 (10th Cir. 2014).

Also, Rule 801(c) defines hearsay as an out-of-court statement offered "in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A "statement" is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). Hearsay is not admissible unless expressly permitted by federal statute, the Federal Rules of Evidence, or "other Rules prescribed by the Supreme Court." Fed. R. Evid. 802.

Furthermore, a witness's testimony is not hearsay if he or she has personal knowledge of the fact asserted, opposed to merely having personal knowledge of an out-of-court statement offered to prove the fact asserted. *See United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014); *Associated Elec. & Gas Ins. Servs. Ltd. v. Am. Int'l Grp., Inc.,* No. 2:11-CV-00368-RJS, 2016 WL 4435205, at *2 (D. Utah Aug. 19, 2016).

Here, Fact # 25 does not contain inadmissible hearsay where it was based entirely upon what Counsel for Plaintiff actually perceived or heard. Counsel made a written assertion about his personal experiences of calling and speaking with the Court's IT department. Having to

inquire into the software program problem, Counsel possessed firsthand knowledge in his efforts to call the Court's Clerk who directed him to the Court's IT department. A rational juror would conclude based on a Fact #25 that Counsel has personal knowledge of Fact #25 that he was actually directed to and spoke with the Court's IT department, and what Counsel personally discussed and learned from the Court's IT department. ). A rational juror could easily conclude based on a witness's testimony that Counsel had personal knowledge of what the Counsel was told or informed by the representative from the Court's IP department; thus, Counsel may testify about that fact based on his personal experience.

Furthermore, Fact #25 consisted entirely of Counsel's firsthand personal experience, and what he was informed when spoke with the Court's IT Department. Counsel "has personal, independent knowledge" of his experiences speaking with the Court's IT Department based on his actual "participation" in the discussion on the phone. *See Associated Elec. & Gas Ins. Servs. Ltd. v. Am. Int'l Grp., Inc.*, No. 2:11-CV-00368-RJS, 2016 WL 4435205, at *2 (D. Utah Aug. 19, 2016). His declaration testimony is "not a recitation of an out-of-court statement offered for the truth of the matter asserted", but is instead based on information he obtained during those conversations. *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014). Thus, Fact #25 is not inadmissible hearsay, and should be considered by the Court.

Similar to the above reasoning and conclusion for Fact #25, Fact #30 is an assertion exclusively based upon Counsel's personal knowledge, or what Counsel actually perceived or heard from his conversation with the Court's IT Department. The second sentence of Fact #30 reads: "This one paragraph is contrary to the information provided to Counsel in that an IT employee entered numbers in the demand field and were able to duplicate the same problem."

Clearly, Counsel was testifying as to the information provided to Counsel through his firsthand experience of calling and speaking with the Court's IT department. Further, Counsel's testimony on information provided by IT employee was "not a recitation of an out-of-court statement offered for the truth of the matter asserted", but is instead based on information he personally obtained. *Id.* Thus, the second sentence of Fact #30 is not inadmissible hearsay, and should be considered by the Court.

## II. DEFENDANT'S MOTION TO STRIKE FACT #27 IS UNSUPPORTED BY FEDERAL STATUTES AND CASE LAW

It is a well-established rule in the Tenth Circuit that even if "testimony incorporates out-of-court statements", it is not hearsay when it is "expressly presented to demonstrate the [party]'s state of mind in making a decision", and was "not offered to prove the truth of the matter asserted". *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434–35 (10th Cir. 1993). See also *Zamora v. Bd. of Educ. for Las Cruces Pub. Sch.,* 553 F. App'x 786, 790 (10th Cir. 2014).

Here, Fact #27 is not hearsay because Counsel offered his email to Mr. Morrison as a response to establish the Counsel's state of mind when Counsel encountered the software program difficulty. *Id.* Fact #27 consists entirely of Counsel's email responses to Mr. Morrison's inquiry on Counsel's filing time in an attempt to explain why he made those filing decisions or his state of mind in reaction to the software program difficulty. In other words, the email was not offered to prove the truthfulness on whether the software program did in fact had problems that Counsel asserted or not; instead, the email was offered to demonstrate that Counsel's state of mind that Counsel "believed that there were legitimate reasons" for his difficulty to file with the software system. *Id.* Thus, Fact #27 is not inadmissible hearsay, and should be considered by the Court.

DATED this 20th day of June, 2019.

                RAY QUINNEY & NEBEKER P.C.

                /s/  *Steven W. Call*
                Steven W. Call

                *Attorneys for State Bank of Southern Utah*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2019, I electronically filed **STATE BANK OF SOUTHERN UTAH'S OBJECTION TO AND MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION TO STRIKE** with the Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to the ECF users registered to receive email notice/service for this case.

                                                  */s/ Lisa Conterio*
                                                  Lisa Conterio, legal assistant

1486374