STEVEN W. CALL (5260)
JUSTIN M. KUETTEL (16873)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone: (801) 532-1500
Email: scall@rqn.com

*Attorneys for State Bank of Southern Utah*

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>ALLEN BEAL, an individual,<br><br>    Debtor. | Bankruptcy No. 19-20276<br>(Chapter 7) |
| STATE BANK OF SOUTHERN UTAH, a Utah banking corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALLEN BEAL, an individual,<br><br>    Defendant. | Adversary No. 19-02043<br><br><br>Hon. R. Kimball Mosier |

---

**REPLY IN SUPPORT OF STATE BANK OF SOUTHERN UTAH'S VERIFIED
MOTION FOR EXTENSION OF TIME FOR FILING ADVERSARY PROCEEDING
FOR NON-DISCHARGEABILITY AND DENIAL OF DISCHARGE PURSUANT TO 11
U.S.C. §§ 523 and 727**

---

State Bank of Southern Utah ("**State Bank**"), a creditor in the above-captioned chapter 7 bankruptcy case, submits this reply to the Objection filed by the Debtor to the Bank's motion for the extension of twenty minutes of time for the filing of the its complaint pursuant to Bankruptcy Rule 9006(b).  The Clerk's ECF filing system was not functioning properly and State Bank had no other way to open an adversary proceeding and file the complaint prior to the midnight deadline.

## FACTUAL ANALYSIS

### (The Bank's Reply to the Debtor's Factual Response)

In its Motion, the Bank set forth 30 paragraphs in its Statement of Facts concerning the events that prevented the Bank's counsel from timely filing its complaint.  The Bank responds as follows:

Concerning paragraphs 1 through 8, the Debtor does not dispute those facts.

Concerning paragraph 9, the Debtor disputes portions thereof. The paragraph reads:

[9] State Bank's complaint was finalized together with the corresponding 10 exhibits.  The Exhibits were properly and timely scanned into Portable Document Files (i.e., PDFs) and copies were placed on Counsel's desktop for filing with the Court.   State Bank's complaint was also converted from a Microsoft Word document into a PDF file for filing at approximately 11:24 p.m.

The Debtor's conjecture that the exhibits were not prepared and scanned is inaccurate.  The exhibits were all scanned in PDF and timely prepared for filing.  All of the exhibits were filed with the Court.  However, when the exhibits were sent to Debtor's counsel via email, counsel inadvertently attached the one wrong PDF document from his desktop where the scanned versions of the exhibits were placed to facilitate filing.

Concerning paragraph 10, the Debtor disputes that the Bank's counsel logged on at approximately 11:35 and instead states that the Court letter reflects that the log on was five minutes later, at 11:40. The distinction is immaterial. Even if counsel logged on at 11:40, that was more than adequate time to file. The Debtor's statement that everything was not prepared and ready for filing by 11:30 is inaccurate. Everything was prepared for filing prior to 11:30 p.m.

Concerning paragraphs 11 through 17, the Debtor argues there is no credible testimony that this system was not working property. This statement inaccurate. Counsel has filed sworn verification of the fact. Counsel will so testify to that fact at an evidentiary hearing at court if necessary. Counsel will also testify that the court's IT officer stated that they had a similar problem with the software when they attempted to place a dollar amount in the demand field as detailed in the Bank's Verified Statement of Facts.

Concerning paragraphs 18 through 20, the Debtor does not challenge the accuracy of those paragraphs but states that the communications made to the Debtor's counsel about the problems with the filing is not the equivalent of a filing.

Concerning paragraphs 21 through 23, the Debtor does not challenge the accuracy of those statements.

Concerning paragraph 24, the debtor does not dispute that paragraph.

Concerning paragraph 25, 27 and 30, the Debtor states that the statements are inadmissible hearsay. However, the Bank's counsel will so testify to the truthfulness of these statements at an evidentiary hearing if necessary. The Debtor also claims a lack of foundation to paragraph 30. While the statement does not lack foundation, the Bank's counsel will provide

additional foundation at an evidentiary hearing if necessary. The paragraphs are admissible for all of the reasons set forth in the Bank's objection and memorandum in opposition to the Debtor's motion to strike which has been filed with the Court concurrently herewith.

### (The Bank's Response to the Debtor's Supplement Facts)

The Debtor sets forth eights statements of fact in the Debtor's additional facts which are numbered paragraphs 31 through 38. The Bank responds as follows:

Concerning paragraphs 31 through 34, the Bank does not dispute those facts.

Concerning paragraph 34 the Bank filed its Ex Parte Motion for Examination of the Debtor on April 5, 2019 with corresponding proposed orders. (See Dkt. Nos. 14 to 21). The Court signed the Order on April 5th and notice of the examination as made on April 5th.

Concerning paragraphs 35 through 37, the statements are inaccurate. The Bank's counsel agreed to reschedule the examination of the Debtor at the Debtor's request until May 6, 2019. A copy of the communication is attached as Tab F. Based upon the request of Debtor's counsel, the Bank's counsel prepared a Stipulation and Order providing for the extension. (See Tab G). The Debtor then refused to execute the Stipulation and Order despite the Bank's willingness to accommodate the Debtor and his counsel. (See Tab H)

Concerning paragraph 38, the Debtor's statement is inaccurate. The Bank's motion was filed on May 13, 2019. The filing was made (3) three days after David Sime, Clerk of the Court sent his letter, dated May 10, 2019 to the Bank's counsel concerning the problems associated with the filing. The Clerk had indicated that he was going to send it much earlier but later indicated that unrelated events occurred which delayed him from sending the letter. The letter is attached as the Bank's Motion as Tab E.

## REPLY ARGUMENT

### I. THE LOCAL RULES EXPRESSLY PROVIDED FOR RELIEF FROM PROBLEMS ARISING FROM AN ECF FILING WHICH RESULTS IN A DOCUMENT BEING FILED UNTIMELY.

In his brief the Debtor asserts that there is no authority permitting a party to obtain relief from an untimely filing under Bankruptcy Rules 4004(a) and 4007(c). The Bank disagrees. Local Rule 5005-2 requires that except as other provided, "all attorneys must file papers with the Court using the Electronic Case filing system ("ECF")." However, the Rule expressly provides that if problems arise in filing in the ECF filing, causing a document to be filed untimely, the filer may petition the Court for relief. The Rule reads:

> ***Technical Failures.*** **An ECF Filer or other party whose filing is made untimely as a result of a technical failure by the court may seek appropriate relief from the court.**

Local Rule, 5005-2(g) (emphasis added). This is precisely what occurred. The Bank's counsel had the complaint and all its exhibits scanned to PDF, placed upon his desktop screen and ready to file by 11:30 p.m. The Bank's counsel had also had a law firm credit card in his possession to pay the $350.00 filing fee online. Counsel for the Bank incurred technical difficulties because the software would not accept the dollar demand amount alleged in the complaint under the required successive window iteration, and the software would not progress to the next window iteration without a demand amount. Finally, after numerous random numbers were entered, the software moved forward. Thereafter, the software would state that a filing payment was needed to progress but the program would not progress to the payment window. No payment could be made and no adversary proceeding could be opened. Thus, the Debtor's argument that the Court

cannot grant relief because of the technical difficulties in the ECF is directly contrary to the

Local Rules.

## II. THE COURT SHOULD DETERMINE THAT THE COMPLAINT WAS TIMELY FILED AT 12:17 A.M. BECAUSE THE FILING SYSTEM IN THE CLERK'S OFFICE WAS ESSENTIALLY INACCESSIBLE BECAUSE THE FLING SOFTWARE FOR THE FILING OF A COMPLAINT WAS NOT FUNCTIONING PROPERLY.

The Debtor's primary argument in response to the Bank's motion is that the Bank is not

entitled to an extension of time under Rule 9006(b)(1) for excusable neglect is inapplicable

because, Rule 9006(b)(1) is subject to the exclusion in Rule 9000(6)(b)(3) which references Rule

4004(a) and 4007(c). However, (even if Local Rule 5005-2(g) did not provide for such relief),

Rule 9006(a) governs both 9006(b)(1) and 9006(b)(3).  Rule 9006(a)(3) provides as follow:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time....

> (3) **Inaccessibility of Clerk's Office**. Unless the court orders otherwise, **if the clerk's office is inaccessible:**

>> (A) **on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or**

>> (B) **during the last hour for filing under Rule 9006(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.**

Bankruptcy Rule 9006(a)(3) (emphasis added).

Bankruptcy Rule 9006(a)(3) provides that the time for performing an act may be filed on

the next accessible day if the Clerk'S office is inaccessible.  The Rule governs the calculation of

time for Rule 4007(c) and Rule 4004(a).

The Debtor cites to Local Rule 5001-1 and argues that the Bankruptcy Court is accessible only from 8:00 a.m. to 4:30 p.m. The argument is misplaced. Local Rule 5001-1 only specifies the hours of business operation. It provides:

> Hours of Business. Unless the court orders otherwise, the clerk's office is open to the public between the hours of 8:00 and 4:30 p.m. on all days except Saturday, Sunday, and legal holiday as set forth below . . ."

Local Rule 5001-1. By contrast, Bankruptcy Rule 5001 makes it clear that the Clerk's office is always deemed open for filing a pleading as follows:

> (a) **Courts Always Open**. **The courts shall be deemed always open for the purpose of filing any pleading** or other proper paper, issuing and returning process, and filing, making, or entering motions, orders and rules.

Bankruptcy Rule 5001(a) (emphasis added). In addition, Rule 9006(a)(4) defines the last day for purposes for electronic filing as follows:

> (4) "Last Day" Defined. Unless a different time is set by a statute, local rule, or order in the case, the last day ends:
>
>> (A) **for electronic filing, at midnight in the court's time zone**; and
>>
>> (B) for filing by other means, when the clerk's office is scheduled to close.

Id. Thus, "[t]he bankruptcy court's electronic case filing procedures, available in all jurisdictions, facilitates the filing of documents at any time of the day. *Collier on Bankruptcy*, ¶ 5001.01 at 5001-2. The business hours the Court is open does not apply to attorneys who file electronically. *See Collier on Bankruptcy*, ¶ 5001.01 at 5001-3. Thus, because the only feasible way of filing a new complaint during the legal period defined for filing electronically was inaccessible, the last day for filing the complaint was the following day. Based upon the foregoing, the Bank's complaint was timely filed and no extension was required.

### III. EVEN IF ELECTRONIC FILING HAD BEEN ACCESSIBLE TO THE BANK WHEN IT ATTEMPTED TO FILE, THE BANKRUPTCY COURT HAS THE POWER TO PERMIT LATE FILINGS WHICH ARE CAUSED BY THE COURT.

Bankruptcy Courts have the equitable power pursuant to 11 U.S.C. § 105 to remedy an justice based upon a problem created by the court or its operations. Section 11 U.S.C. § 105(a) provides as follows:

> **(a)** The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105.

This power was recognized and applied by a Utah Bankruptcy Court, a Utah District Court and the Tenth Circuit in *In re Themy*, 6 F.3d 688, 689–90 (10th Cir. 1993). In *Themy*, the Tenth Circuit affirmed the Utah District Court's (Judge Jenkins') affirmance of the Bankruptcy Courts' refusal to dismiss a late-filed complaint asserting claims of non-dischargeability and objections to discharge. As in the present case, the debtor argued that the Bankruptcy Court was powerless to extend a bar date after the time had run under Rules 4004(a) and 4007(c) because no motion to extend had been filed. The Tenth Circuit stated that the acceptance of the complaint was not a sua sponte extension of the deadline but an exercise of the Court's equitable authority to correct its own mistakes. The Tenth Circuit reasoned as follows:

> The bankruptcy court's acceptance of Yu's complaint, however, was not a sua sponte extension of the deadline, but was an exercise of the court's authority to correct its own errors. A court has the inherent equitable power to correct its own mistakes. *See, e.g., Allied Materials Corp. v. Superior Prods. Co.,* 620 F.2d 224, 226 (10th Cir.1980); *Jusino v. Zayas,* 875 F.2d 986, 989 n. 3 (1st Cir.1989). The court's equity powers are *690 recognized in 11 U.S.C. § 105(a), which provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. *See In re Anwiler,* 958 F.2d at 929 ("The equitable power given to courts by 11 U.S.C. § 105(a) would be meaningless if courts were unable to correct their own mistakes."); *cf. Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383, 1386–87 (10th Cir.1987) (holding that bankruptcy court should have used "its equity powers and general powers (Section 105 of the Code)" to ensure that all creditors would have an opportunity to present their claims), *cert. dismissed,* 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988).

Although the provisions of Rules 4004 and 4007 are strictly enforced, courts have almost uniformly allowed an out-of-time filing when the creditor relies upon a bankruptcy court notice setting an incorrect deadline.

*In re Themy,* 6 F.3d 688, 689–90 (10th Cir. 1993). The Court cited other examples including the following:

For example, in *Francis v. Riso (In re Riso),* 57 B.R. 789 (D.N.H.1986), the bankruptcy court had issued a second order setting the deadline more than a month after the statutory period expired. The district court affirmed the bankruptcy court's use of its equitable powers to allow a late filing, holding that "[i]f the equitable power of the bankruptcy court [were] *not* invoked, an injustice [would] occur and [the creditor would] lose his right to object because of his reliance on error made by the bankruptcy court." *Id.* at 793."

*In re Themy,* 6 F.3d 688, 689–90. The court emphasized that it was not creating a new substantive right, but was merely allowing the creditor to exercise rights already existing. *Id.*

The facts and circumstances here are equal to or greater than those cited in *Themy.* As stated above, attorneys are required to file electronically and are without power to file a document if the software is not functioning properly. Thus, there was not mistake in the calculation of time based upon an inaccurate court notice or other notice issue which a party could have separately verified. Rather, the Bank attempted numerous times to timely file the

complaint but the Court's software would not function properly in permitting a new complaint to

be filed and the payment of the required fee. [1] [2]

## IV.   AS IN *THEMY*, THIS COURT ACCEPTED THE BANK'S COMPLAINT AND FILING FEE AND ISSUED A SUMMONS TO THE DEBTOR.

After the Court or its Clerk(s) were aware of the technical problems which the Bank

incurred in the filing the complaint and paying the filing fee, the Court issued and served a

summons on the Debtor to answer the complaint (Case Dkt. No. 30).   However, the Debtor has

apparently failed to file respond or answer the complaint by the required date.   Rather, the

Debtor has objected to the Bank's motion for a determination that its complaint was timely filed

but has not filed an appropriate motion under Rule 7012(b).   If the Debtor sought to file a motion

under Rule 7012(b), it was required to file a separate motion pursuant Local Rule 9013-1(e)(4)

("A motion may not be made in a response or reply memorandum.  Such a motion must be made

in a separate document.")   Thus, if the Debtor has responded to the Bank's motion, then it has

failed to file an answer or response to the summons and complaint.   Conversely, if the Debtor's

Objection is treated as motion under Rule 7012(b), then the Debtor has failed to respond to the

Bank's motion and the relief requested therein should be granted.

---

[1] The Debtor does not challenge the legal standard set forth by the Tenth Circuit in *Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005) that "[t]he determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489 (discussing application of the excusable neglect standard of Fed. R. Bankr. P. 9006(b)(1)). *Jennings v. Rivers,* 394 F.3d 850, 856–57 (10th Cir. 2005).

[2] The unpublished decision *In re Dickinson,* 242 F.3d 388 (10th Cir. 2000) is not applicable to the facts of this case but the Court acknowledged a bankruptcy court's equitable powers under § 105. In that case the creditor did not attempt to timely file a § 523 complaint but rather filed the complaint well after the 60-day deadline.  The creditor argued that the 60-day deadline was inaccurate because the 341 meeting of creditors was actually held on a later date and therefore the bar date should have been extended.  The case did not involve a creditor's timely effort to file a complaint and was precluded from because of problems with the ECF system.  However, the Court acknowledged that the Tenth Circuit Court has equitable powers under section 11 U.S.C. § 105 when the late filing is caused by the Court. In re Dickinson, 242 F.3d 388 (10th Cir. 2000).

## V.   THE BANK'S COUNSEL IMMEDIATELY INFORMED THE COURT OF THE PROBLEMS WITH THE FILING SYSTEM.

The Bank's counsel immediately informed the Court's clerks of the technical difficulties encountered by counsel when it attempted to file the complaint and pay the filing fee.   The Bank's counsel also informed the Clerk's office and the Court's IT department.   The Bank's counsel also immediately informed opposing counsel about the filing problem, and at his request set out a detailed explanation as to what had transpired. The explanation is set forth in the Bank's Verified Statement of Facts, paragraph 27, and the email to opposing counsel attached as to the Bank's Motion as Tab D.

## VI.   THE BANK'S MOTION WAS FILED THREE DAYS AFTER THE CLERK'S OFFICE RESPONDED.

The Bank's motion was filed on May 10, 2019 which was (3) three days after the Bank's counsel received the letter from David Sime (Bankruptcy Court clerk) dated May 7, 2019 concerning the software problem for filing a new complaint and opening an adversary proceeding.   Mr. Sime had committed to provide a letter to the Bank's counsel, but for various reasons was unable to respond as quickly as he indicated.   Thus, the Bank's delay in filing its motion was caused by the Clerk's delay in providing a requested letter.

## VII. THE DEBTOR'S CASE AUTHORITY IS NOT CONTROLLING OR APPLICABLE TO THE FACTS PRESENTED IN THIS CASE.

The bankruptcy opinions and one district court opinion cited by the Debtor from Georgia, Florida, Pennsylvania and New Jersey are not persuasive or controlling.

In *Matter of Robinson*, 525 B.R. 822, 826 (Bankr. N.D. Ga. 2015), the creditor sought an extension only as to its § 523 claim rather its 727 claims, and therefore the § 727 claims were time barred.   The case has little to no application to the present case.

In *In re Noll*, 249 B.R. 568, 571 (M.D. Fla. 2000), the creditor filed a motion to extend the time for objecting to a discharge under § 727 but not the time for filing a § 523 complaint. The Court stated that "[t]he issue then becomes whether a motion seeking an extension of time under Rule 4004 can act so to include an extension of time under Rule 4007, which is then granted by the Bankruptcy Court." *Id.* By contrast, here the Bank is seeking a determination that its complaint which contains claims under both §523 and §727. There was no mention of a local rule providing for relief if the technical difficulties arise in the filing process, and the case does not address the Bankruptcy Court's equitable power to extend a bar date when the filing software fails to function property.

In *In re Harper*, 489 B.R. 251, 255–56 (Bankr. N.D. Ga. 2013), the bankruptcy court held that "[a]lthough other Circuits have recognized equitable tolling in the context of Rule 4007(c), the Eleventh Circuit has \*256 held that the Rule 4007 time restriction is not subject to such an equitable remedy. *See Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988)." Again, here the Court's Local Rule 5005-2(g) provides for such relief when technical difficulties interfere with the timely filing of a document.

In *In re Pendergrass*, 376 B.R. 473 (Bankr. E.D. Pa. 2007), the creditor waited until one day after expiration of the 60-day period in order to file his complaint, not as result of any misleading conduct by debtor or error by court in notifying creditors of bar date, but solely due to error of his attorney, and was not entitled to any extension. Here, by contrast, the Bank did not wait to file after the bar date but was timely prepared to make the filing and pay the filing fee and was logged on to the ECF system with between 20 to 25 minutes to make single filing. The Bankruptcy Rules, as cited above, provide that an electronic filer is entitled to file at any time.

However, the filing system would not permit the filing of the complaint, the opening of an adversary proceeding or the payment of the filing fee. There was no error by counsel. Counsel was further diligent in continuously attempting to file the complaint through numerous attempts until ultimately the complaint was received by the filing fee was not permitted.

In *In re Withrow*, 570 B.R. 452 (Bankr. N.D. Ga. 2017), the chapter 7 trustee agreed to the creditor's motion to extend the date for filing objections to discharge under § 727 which was obtained. However, the creditor only filed a non-dischargeability claim for relief action under § 523. The Court indicated that even though equitable tolling was an open issue in the Eleventh Circuit, there were not equitable grounds present. The extension was obtained for the filing of an objection to discharge, not non-dischargeability. There is no such issue involved in the present case.

The Debtor relies on the unpublished opinion *In Re Canonico*, No. 16-34088 (MBK), 2017 WL 3318840, at *2 (Bankr. D.N.J. June 16, 2017) in which the Bankruptcy Court refused to apply equitable tolling where the creditor's counsel failed to file prior to the midnight deadline asserting a delay with the ECF filing system. However, in Cononico, the attorney had not logged on to the ECF system until 11:57 p.m. thereby only allowing three minutes for the ECF filing process. The court stated:

> Therefore, the Court commences its analysis of the equities with the simple fact that Plaintiffs waited until just three minutes before the filing deadline to begin the process of filing an adversary complaint. Here, the Plaintiffs were not prevented from filing the Complaint in a timely manner by any circumstances other than counsel's own failure to allow more than three minutes to file a complaint . . .

*Id.* at *4.

Here, the Bank's counsel logged into the ECF filing system at approximately between 11:35 p.m. and 11:40 p.m. and made numerous attempts to file prior to the midnight deadline. Twenty minutes is more than adequate sufficient time to make a single ECF filing.

## VIII.   THE DEBTOR HAS SUFFERED NO PREJUDICE BY THE DELAY.

After, the system failed to permit the filing of the complaint, the opening of the adversary proceeding or payment of the filing fee, the Bank's counsel emailed the complaint to Debtor's counsel eight minutes after midnight informing him that counsel was unable to file the complaint and providing him a copy the complaint.  After the foregoing email was sent, the Bank's counsel continued to try and work with the software to make the filing work.  Finally, after numerous attempts and after inserting a random number into the dollar demand field, the Bank's counsel was finally able to file the complaint just before 12:17 a.m.  However, the system would still not allow the payment of the required $350 fee.  Thus, 17 minute delay in filing caused no prejudice to the Debtor.

## CONCLUSION

The Bank's counsel was confronted with technical difficulties when attempting to open a new adversary proceeding and filing the Bank's complaint.  Local Rule 5005-2(g) authorizes the Court to grant relief to a filer if the technical difficulties occur in a document being filed untimely.  The technical difficulties made the Clerk's office inaccessible for electronic filing, which then caused the last filing date to be extended to the following day pursuant to Rule 9006(a)(3).  Even if the foregoing Rules did not apply, which they do, in the Tenth Circuit, Bankruptcy Courts have the power to remedy problems caused by the court or its operations, and

the Tenth Circuit has also adopted the doctrine of equitable tolling.  The standard for requiring

such relief is appropriate based upon the Verified Statement of Facts presented to the Court.

WHEREFORE, based upon the foregoing, State Bank prays the Court to enter an order

that the Bank's complaint, which has been received by the Court, shall be deemed timely filed.

DATED this 20th day of June, 2019.

RAY QUINNEY & NEBEKER P.C.


/s/  Steven W. Call
Steven W. Call
*Attorneys for State Bank of Southern Utah*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2019, I electronically filed the foregoing

**REPLY IN SUPPORT OF STATE BANK OF SOUTHERN UTAH'S VERIFIED**

**MOTION FOR EXTENSION OF TIME FOR FILING ADVERSARY PROCEEDING**

**FOR NON-DISCHARGEABILITY AND DENIAL OF DISCHARGE PURSUANT TO 11**

**U.S.C. §§ 523 and 727** with the Clerk of the Court using the CM/ECF system, which sent notice

of electronic filing to the ECF users registered to receive email notice/service for this case.

/s/ Lisa Conterio
Lisa Conterio, legal assistant

1494858

TAB F

## Steven Call

| | |
|---|---|
| **From:** | Steven Call |
| **Sent:** | Thursday, April 11, 2019 2:42 PM |
| **To:** | 'Will Morrison' |
| **Cc:** | Eliza Tito; Carrie Hurst; Justin Kuettel |
| **Subject:** | RE: Beal 2004 exam setting |

Will:

We are willing to re-schedule the examination for a later date provided the Debtor is willing to stipulate to the extension of the bar date for the filing of non-dischargeability proceedings under Section 523.  If so, I will forward a stipulation to you for your review, and we will move the examination to May 6, 2019.  If not, we will need to proceed on the 22nd.   We are scheduling the examination for most of the day.

Steve

**Steven Call | Ray Quinney & Nebeker P.C. |** 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Will Morrison [mailto:willmorrison01@gmail.com]
**Sent:** Thursday, April 11, 2019 2:32 PM
**To:** Steven Call; Justin Kuettel
**Subject:** Beal 2004 exam setting

Dear Counsel:

Good day.  I have received notice of your requested 2004 exam for the Beal case, which you have set for Monday, April 22nd, at 9:30 AM.  This setting was done without any input from my office.  As a general rule, these settings should be made at mutually convenient time, as everyone's schedules are different and accommodations need to be made to avoid scheduling conflicts, etc. (see Standard #15, Utah Standards of Civility & Professionalism).  I have contacted my client and he is scheduled to be out of town on April 22nd for work.  Not only does he have a scheduling conflict but I do as well, inasmuch as I am scheduled to be in Davis County on April 22nd, with prior commitments to attend to.

We would like to set up the examination at a mutually convenient time.  One thing that would be helpful for me to know, is how long you might anticipate the examination will last.  Are you expecting it to go all day, or do you think it can be accomplished within an hour or two?  Of course the length of time is always difficult to predict and I will not hold you to a firm period of time, but some projection as to the time involved would be most helpful for calendaring purposes and would be greatly appreciated.

Some possible dates on my calendar that may work for the exam are as follows:  April 29th (right now just the morning is open but I have a hearing in the afternoon that may be cancelled, which could make the afternoon a

possibility as well); May 1st (afternoon only); May 3rd (morning or afternoon); May 6 (morning or afternoon). Please let me know as soon as possible if one of these dates might work for you.

Thank you,

Will


--
Will Morrison, Atty at Law
MORRISON LAW OFFICE, INC.
SLC Office: 5957 S Redwood Rd, #101, SLC, UT 84123
Davis County: 377 Marshall Way, #1-J, Layton, UT 84041
Tel: 801-519-9772

http://www.morrisonlawoffice.com

==========
This e-mail message is intended only for the named recipient(s) and contains information that may be confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, please note that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. If you have received this message in error, please notify me immediately at 801-519-9772, and delete the message. Thank you.
==========

# TAB G

**Steven Call**

| | |
|---|---|
| **From:** | Steven Call |
| **Sent:** | Monday, April 15, 2019 2:18 PM |
| **To:** | 'Will Morrison' |
| **Cc:** | Eliza Tito; Carrie Hurst; Justin Kuettel |
| **Subject:** | RE: Beal 2004 exam setting |
| **Attachments:** | 20190415140745553.pdf |

Will:

Please find attached the proposed stipulation and corresponding order.   Please review and advise me if they are acceptable.  If so, please authorized your signature and  I will them with the Court.  If changes are needed, please forward your requested edits to me.

Upon receiving your approval, the 2004 examination will be continued until May 6, 2019.  I will have an appropriate notice of the changed time filed.

Thanks,

Steve

**Steven Call | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**Steven Call**

| | |
|---|---|
| **From:** | Will Morrison <willmorrison01@gmail.com> |
| **Sent:** | Monday, April 15, 2019 12:04 PM |
| **To:** | Steven Call |
| **Cc:** | Eliza Tito; Carrie Hurst; Justin Kuettel |
| **Subject:** | Re: Beal 2004 exam setting |

Steve, just following up in reference to the proposed stipulation, as I haven't received it yet. Also, my client and I are willing to proceed with the exam on April 22nd by re-working our schedules for that day, if we can accommodate a later starting time, such as 11 am. Would that work for you? Please advise. Thx, Will

On Thu, Apr 11, 2019 at 3:18 PM Will Morrison <willmorrison01@gmail.com> wrote:
Thank you for the quick reply. Not to be critical, but aren't you just going to file an objection to discharge either way? My client is not a sophisticated businessman, his businesses have failed, he owes significant back taxes, and also child support to his ex-spouse. If those facts don't deter you from pursuing him, is there something he can say at the 2004 exam that would stop you from filing an objection?

Please send me a proposed stipulation and I'll take a look at it.

Thx

On Thu, Apr 11, 2019 at 2:42 PM Steven Call <scall@rqn.com> wrote:

Will:


We are willing to re-schedule the examination for a later date provided the Debtor is willing to stipulate to the extension of the bar date for the filing of non-dischargeability proceedings under Section 523. If so, I will forward a stipulation to you for your review, and we will move the examination to May 6, 2019. If not, we will need to proceed on the 22nd. We are scheduling the examination for most of the day.


Steve

**Steven Call | Ray Quinney & Nebeker P.C. |** 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.

STEVEN W. CALL (5260)
JUSTIN M. KUETTEL (16873)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone: (801) 532-1500
Email: scall@rqn.com

*Attorneys for State Bank of Southern Utah*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**ALLEN BEAL**<br><br>Debtor. | Bankruptcy No. 19-20276<br>Chapter 7<br><br>Honorable R. Kimball Mosier<br><br>(Filed via ECF) |

### STIPULATED MOTION FOR EXTENSION OF THE
### BAR DATE FOR FILING ADVERSARY PROCEEDING OBJECTING
### TO DISCHARGE AND/OR NONDISCHARGEABILITY

Pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and pursuant to

Local Rule 9006-1, State Bank of Southern Utah by and through its counsel, Ray Quinney &

Nebeker PC, and the Chapter 7 debtor, Allen Beal, by and through his counsel, William P.

Morrison, hereby stipulate and jointly move the Court for an extension of time through and

including Monday, May 13, 2019 for the filing of a complaint objecting the dischargeability of

the indebtedness owing to State Bank of Southern Utah pursuant to 11 U.S.C. § 523 and/or the

discharge of the Debtor pursuant to 11 U.S.C. § 727 (the "Stipulated Motion").

1

## PRECISE RELIEF REQUESTED

State Bank of Southern Utah by and through its counsel, Ray Quinney & Nebeker PC, and the Chapter 7 debtor, Allen Beal, by and through his counsel, William P. Morrison, seek the entry of an order extending the bar date for the filing of a complaint in an adversary proceeding objecting the dischargeability of the indebtedness owing to State Bank of Southern Utah pursuant to 11 U.S.C. § 523 and/or objecting to the discharge of the Debtor pursuant to 11 U.S.C. § 727.

## GROUNDS IN SUPPORT OF RELIEF REQUESTED

State Bank of Southern Utah and the Debtor, Allen Beal, have stipulated to a 30 day extension of time for the filing of a complaint objecting the dischargeability of the indebtedness owing to State Bank of Southern Utah and/or the discharge of the Debtor. The current bar date for filing such an adversary proceeding is April 22, 2019, and the Parties desire to extend the bar date until Monday May 13, 2019.

Rule 9006 of the Federal Rules of Bankruptcy Procedure provides that a Bankruptcy Court may grant an extension of time with or without notice as follows:

b) Enlargement.

(1) *In General*. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

2

Fed. R. Bankr. P. 9006(b).

Here, good cause exists for granting an extension of time pursuant to Rule 9006(b) of the

Federal Rules of Bankruptcy Procedure for the following reasons:

1.    The time for moving to extend the bar date has not expired.

2.    The extension of time is solely for State Bank of Southern Utah.

3.    The extension of time is only for a 30 day period.

4.    The Parties have stipulated to the extension of time.

5.    The extension will allow the Parties to continue the a 2004 examination of the

Debtor until a mutually convenient time on May 6, 2019.

6.    The brief extension of time will not be prejudicial to the Parties and will not likely

be an inconvenience to the Court.

A proposed order granting this Stipulated Motion, which is approved as to form and

content by the Parties, is attached as Exhibit A.  A copy will also be emailed to chambers for the

Court's consideration.

## STIPULATION

State Bank of Southern Utah by and through its counsel, Ray Quinney & Nebeker PC,

and the Chapter 7 debtor, Allen Beal, by and through his counsel William P. Morrison hereby

stipulate that the foregoing Stipulated Motion be granted and that the proposed *Order Granting*

*Stipulated Motion For An Extension Of The Bar Date For Filing An Adversary Proceeding*

*Objecting To Discharge And/Or Nondischargeability,* which is attached as Exhibit A, may be

signed and entered by the Court without notice or hearing.

WHEREFORE, based upon the foregoing, State Bank of Southern Utah and the Debtor

pray the Court to grant the *Stipulated Motion For Extension Of Bar Date For Filing Non-*

*Dischargeability Action And Objection To Discharge,* and to sign and enter the proposed *Order*

*Granting Stipulated Motion For An Extension Of The Bar Date For Filing An Adversary*

*Proceeding Objecting To Discharge And/Or Nondischargeability* thereby extending the bar date

from April 22,2019 to Monday, May 13, 2019.

DATED this _____ day of April, 2019.

RAY QUINNEY & NEBEKER P.C.

/s/  *Steven W. Call*
Steven W. Call
Attorneys for State Bank of Southern Utah

APPROVED, STIPULATED AND AGREED TO:

/s/
William P.  Morrison,
MORRISON LAW OFFICE, INC.
SLC Office: 5957 S Redwood Rd, #101, SLC, UT 84123
Telephone  (801) 519-9772
Email: willmorrison01@gmail.com>

*Attorneys for Allen Beal*

1487400

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to the ECF users registered to receive email notice/service for this case.

/s/ _____

STEVEN W. CALL (5260)
JUSTIN M. KUETTEL (16873)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone: (801) 532-1500
Email: scall@rqn.com

*Attorneys for State Bank of Southern Utah*

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**ALLEN BEAL**<br><br>Debtor. | Bankruptcy No. 19-20276<br>Chapter 7<br><br>Honorable R. Kimball Mosier<br><br>(Filed via ECF) |

---

### ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF THE
### BAR DATE FOR FILING ADVERSARY PROCEEDING OBJECTING
### TO DISCHARGE AND/OR NONDISCHARGEABILITY

---

The Court having considered the Stipulated Motion For Extension of The Bar Date For

Filing Adversary Proceeding Objecting To Discharge and/or Nondischargeability and for good

cause appearing,

**IT IS HEREBY ORDERED** that the Stipulated Motion is granted and State Bank of

Southern Utah shall have through and including Monday, May 13, 2019 to file a complaint in an

adversary proceeding objecting to the dischargeability of the indebtedness owing to State Bank

of Southern Utah pursuant to 11 U.S.C. § 523 and/or the discharge of the Debtor pursuant to 11

U.S.C. § 727.

DATED this _____ day of April, 2019.

RAY QUINNEY & NEBEKER P.C.


/s/ _____
Steven W. Call
Attorneys for State Bank of Southern Utah




APPROVED AS TO FORM AND CONTENT:


/s/ _____
William Morrison
*Attorneys for Allen Beal*



1487399

# TAB H

## Steven Call

| | |
|---|---|
| **From:** | Steven Call |
| **Sent:** | Wednesday, April 17, 2019 6:32 PM |
| **To:** | 'Will Morrison' |
| **Cc:** | Eliza Tito; Carrie Hurst; Justin Kuettel |
| **Subject:** | RE: Beal 2004 exam setting |

Will,

I believe you have it backwards. You requested a different date for the examination. I agreed to accommodate your request. I obtained available dates from you and told you that we could do the examination on May 6th which was one of the dates you gave me. I indicated that we would need to move the bar date back in order to extend the examination date to May 6, 2019. You then requested copies of a proposed stipulated motion and order. The Bank incurred attorney fees in having the stipulated motion and order prepared. After the documents were sent to you, you refused to stipulate to a short extension of time. I then came back with a shorter extension of time and now you are refusing that shorter period of time.

I cannot grant a later start on April 22nd because, as you know, it is the bar date for the filing of the Bank's complaint. Thus, I would be forced to work late if the examination runs late. In light of the foregoing, if your client is willing to extend the bar date even by a few days, then we can start at 11:00. However, I would suggest that you provide me with your most preferred date for the examination and that we set the bar date three for four days after that date. Is there is anything illogical or unreasonable with that approach? If not, give me your preferred date and then authorize me to file the stipulation for a bar date four days later.

I am more than willing to speak with you about it in the phone if you want to call me at (801) 323-3310.

Steve

**Steven Call | Ray Quinney & Nebeker P.C. |** 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Will Morrison [mailto:willmorrison01@gmail.com]
**Sent:** Wednesday, April 17, 2019 6:05 PM
**To:** Steven Call
**Cc:** Eliza Tito; Carrie Hurst; Justin Kuettel
**Subject:** Re: Beal 2004 exam setting

Negative. My client and I have both adjusted our schedules to complete the exam on the 22nd. I hope you know that he is going to be traveling to the exam from his home in Ephraim and will be driving to your office on the morning of the exam. This over 130 miles to get to your office, and you won't accommodate a later starting date? That is pathetic.

1

We will be there as scheduled on April 22nd and we will not agree to a continuance.  Just FYI, accommodations work both ways, and I will remember this.

Please be mindful of Fed R Bankr P 2004(e) ("mileage").  You will need to tender appropriate mileage reimbursement to my client when he arrives for the exam or we will not be going forward with it.

Will

On Wed, Apr 17, 2019 at 3:58 PM Steven Call <scall@rqn.com> wrote:

Will,


That is not going to work.  However, I have revised the Stipulation and Order to shorten the extension  period from May 22, 2019 to  Monday May 13, 2019 to address your concerns.  This is five business days after the examination.  We can also start the examination on the 6th  at 10:00 a.m.  As such, please forward your authorization for the Stipulated Motion and Order and I will get them filed with the Court this afternoon.



Thanks,


Steve

**Steven Call | Ray Quinney & Nebeker P.C. |** 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Will Morrison [mailto:willmorrison01@gmail.com]
**Sent:** Wednesday, April 17, 2019 8:51 AM
**To:** Steven Call
**Cc:** Eliza Tito; Carrie Hurst; Justin Kuettel
**Subject:** Re: Beal 2004 exam setting

2