Will Morrison (07587)
MORRISON LAW OFFICE, INC.
5957 S Redwood Rd, #101
Salt Lake City, UT 84123
Telephone: 801-519-9772
Fax: 801-590-9368
Email: willmorrison01@gmail.com

Attorney for Debtor/
Defendant Allen Beal

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy Case No.: 19-20276 |
| ALLEN BEAL | : | Chapter 7 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| STATE BANK OF SOUTHERN UTAH, | : | |
| a Utah banking corporation, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No.: 19-02043 |
| | : | |
| v. | : | |
| | : | |
| ALLEN BEAL, | : | |
| | : | |
| Defendant/Debtor. | : | |

---

### DEFENDANT'S EXHIBITS
### FOR EVIDENTIARY HEARING

---

COMES NOW the Defendant, Allen Beal, by and through counsel, who hereby

submits the following Exhibits for the evidentiary hearing to be held in connection with

Plaintiff's Verified Motion for Extension of Time for Filing Adversary Proceeding and/or

Defendant's Motion to Dismiss Adversary Proceeding.

DATED: 7/30/19            /s/    Will Morrison
                                 MORRISON LAW OFFICE, INC.
                                 Attorney for Defendant/Debtor

## CERTIFICATE OF SERVICE

        This certifies that on 7/30/19, I caused to be served, via the method of service set forth below, a true and correct copy of the foregoing Defendant's Exhibits for Evidentiary Hearing, upon each of the following:

Steven W Call
Ray Quinney & Nebeker, PC
via ECF Notification

Office of US Trustee
via ECF Notification

DATED:  7/30/19                    /s/     Will Morrison

2

# EXHIBIT 1

Case 19-02043   Doc 20   Filed 05/31/19   Entered 05/31/19 13:12:32   Desc Main
Document   Page 4 of 49

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH
### FRANK E. MOSS UNITED STATES COURTHOUSE
### 350 SOUTH MAIN STREET
### SALT LAKE CITY, UTAH 84101

David A. Sime                                          Telephone: (801) 524-6565
Clerk of Court                                              Fax: (801) 526-1197

May 7, 2019

Steven W. Call
Ray Quinney & Nebeker
36 S. State Street, #1400
Salt Lake City, Utah 84111

  Re:  State Bank of Southern Utah v. Beal; Case No. 19-02043

Dear Mr. Call:

At your request, this letter summarizes our investigation regarding the difficulty you experienced
with electronically filing a Complaint to initiate the above-listed adversary proceeding.  You
explained that you attempted to file the adversary Complaint with the Court shortly before
midnight on Monday, April 22, 2019, after having been in depositions for most of the day, but
that you repeatedly received error messages, and the submission was repeatedly rejected by the
CM/ECF system.  Apparently, you were unable to file the Complaint until you left the input field
for "Demand" on the filing screen blank.  The Complaint, which alleges claims of non-
dischargeability of a debt under 11 U.S.C. § 523(a)(6) and (c) and an objection to the debtor's
discharge under 11 U.S.C. § 727(a)(3) and (4), was only accepted for filing after midnight, and
was therefore docketed as having been filed on April 23, 2019.

Our investigation of the facts verified that:

1. You first accessed the Court's CM/ECF system on April 22, 2019, at 11:40:45 p.m.  You
   were continuously logged into the system until 12:49 a.m. on April 23, 2019.

2. The Complaint was accepted for filing by the system at 12:16 a.m. on April 23, 2019.

3. Once "Open Adversary Case" is accessed in CM/ECF, there is an input field for
   "Demand ($000)."  This field requires input of an integer for the demand amount that
   does not include a dollar sign, a comma, or a period, and represents the amount claimed
   in the Complaint in thousands.  Any entry in the Demand field that is not in the proper
   form triggers an error message stating, "[y]ou have to enter a valid integer number."

4. You indicated that, although you tried entering a Demand integer in several different
   ways, you had difficulty getting the system to accept your entries.  You also indicated
   having difficulty getting the system to allow you to pay the required filing fee.

Steven W. Call
May 7, 2019
Page 2

5. As indicated by the document's own Properties information, the filed Complaint had been "created" in PDF format on April 22, 2019, at 11:24 p.m.

6. You contacted the Court to report the problems you had with your filing on Tuesday, April 23, 2019.  Once notified, we checked the system and found it to be working properly.  We received no other reports of problems with the system from other CM/ECF filers during the same time frame.

If you need further assistance, please let me know.

Sincerely,

David A. Sime

# EXHIBIT 2

 Gmail

## Beal 2004 exam setting
13 messages

**Will Morrison** <willmorrison01@gmail.com>                                    Thu, Apr 11, 2019 at 2:32 PM
To: scall@rqn.com, jkuettel@rqn.com
Bcc: Will Morrison <willmorrison01@gmail.com>

Dear Counsel:

Good day.  I have received notice of your requested 2004 exam for the Beal case, which you have set for Monday, April 22nd, at 9:30 AM.  This setting was done without any input from my office.  As a general rule, these settings should be made at mutually convenient time, as everyone's schedules are different and accommodations need to be made to avoid scheduling conflicts, etc. (see Standard #15, Utah Standards of Civility & Professionalism).  I have contacted my client and he is scheduled to be out of town on April 22nd for work.  Not only does he have a scheduling conflict but I do as well, inasmuch as I am scheduled to be in Davis County on April 22nd, with prior commitments to attend to.

We would like to set up the examination at a mutually convenient time.  One thing that would be helpful for me to know, is how long you might anticipate the examination will last.  Are you expecting it to go all day, or do you think it can be accomplished within an hour or two?  Of course the length of time is always difficult to predict and I will not hold you to a firm period of time, but some projection as to the time involved would be most helpful for calendaring purposes and would be greatly appreciated.

Some possible dates on my calendar that may work for the exam are as follows:  April 29th (right now just the morning is open but I have a hearing in the afternoon that may be cancelled, which could make the afternoon a possibility as well); May 1st (afternoon only); May 3rd (morning or afternoon); May 6 (morning or afternoon).  Please let me know as soon as possible if one of these dates might work for you.

Thank you,

Will


--
Will Morrison, Atty at Law
MORRISON LAW OFFICE, INC.
SLC Office: 5957 S Redwood Rd, #101, SLC, UT 84123
Davis County: 377 Marshall Way, #1-J, Layton, UT 84041
Tel: 801-519-9772

http://www.morrisonlawoffice.com


==========
This e-mail message is intended only for the named recipient(s)  and contains information that may be confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, please note that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  If you have received this message in error, please notify me immediately at 801-519-9772, and delete the message.  Thank you.
==========

**Steven Call** <scall@rqn.com>                                    Thu, Apr 11, 2019 at 2:42 PM
To: Will Morrison <willmorrison01@gmail.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>


Will:

We are willing to re-schedule the examination for a later date provided the Debtor is willing to stipulate to the extension of the bar date for the filing of non-dischargeability proceedings under Section 523.   If so, I will forward a stipulation to you for your review, and we will move the examination to May 6, 2019.   If not, we will need to proceed on the 22nd.   We are scheduling the examination for most of the day.


Steve

**Steven Call | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.

[Quoted text hidden]

---

**Will Morrison** <willmorrison01@gmail.com>                                              Thu, Apr 11, 2019 at 3:18 PM
To: Steven Call <scall@rqn.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Thank you for the quick reply.  Not to be critical, but aren't you just going to file an objection to discharge either way?  My client is not a sophisticated businessman, his businesses have failed, he owes significant back taxes, and also child support to his ex-spouse.  If those facts don't deter you from pursuing him, is there something he can say at the 2004 exam that would stop you from filing an objection?

Please send me a proposed stipulation and I'll take a look at it.

Thx

[Quoted text hidden]

---

**Will Morrison** <willmorrison01@gmail.com>                                              Mon, Apr 15, 2019 at 12:04 PM
To: Steven Call <scall@rqn.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Steve, just following up in reference to the proposed stipulation, as I haven't received it yet.  Also, my client and I are willing to proceed with the exam on April 22nd by re-working our schedules for that day, if we can accommodate a later starting time, such as 11 am.  Would that work for you?  Please advise.  Thx, Will

[Quoted text hidden]

---

**Steven Call** <scall@rqn.com>                                              Mon, Apr 15, 2019 at 2:18 PM
To: Will Morrison <willmorrison01@gmail.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>


Will:


Please find attached the proposed stipulation and corresponding order.   Please review and advise me if they are acceptable.  If so, please authorized your signature and  I will them with the Court.  If changes are needed, please forward your requested edits to me.


Upon receiving your approval, the 2004 examination will be continued until May 6, 2019.  I will have an appropriate notice of the changed time filed.

Thanks,

[Quoted text hidden]

---

 **20190415140745553.pdf**
427K

---

**Will Morrison** <willmorrison01@gmail.com>               Mon, Apr 15, 2019 at 3:22 PM
To: Steven Call <scall@rqn.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Steve, I don't think we can extend the objection deadline for just a single creditor. I could be wrong about that but I don't
recall having seen it done before. In my prior email, I mentioned that my client and I were working to adjust our
schedules to let the exam take place on April 22, if we could accommodate a little bit later of a starting time that day. How
about we just keep it on April 22nd and start at 11 am, does that work for you? Let me know. Thx, Will

[Quoted text hidden]

---

**Will Morrison** <willmorrison01@gmail.com>               Wed, Apr 17, 2019 at 8:51 AM
To: Steven Call <scall@rqn.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Steve, just following up. Let's keep it on April 22nd. Can you accommodate a starting time of 11 AM?

Will

[Quoted text hidden]

---

**Steven Call** <scall@rqn.com>               Wed, Apr 17, 2019 at 3:58 PM
To: Will Morrison <willmorrison01@gmail.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Will,

That is not going to work. However, I have revised the Stipulation and Order to shorten the extension period from May
22, 2019 to Monday May 13, 2019 to address your concerns. This is five business days after the examination. We can
also start the examination on the 6th at 10:00 a.m. As such, please forward your authorization for the Stipulated Motion
and Order and I will get them filed with the Court this afternoon.

[Quoted text hidden]

---

**2 attachments**

 **RQNDOCS-#1487399-v5-Order_Extending_Bar_Date_-_Beal.DOC**
45K

 **RQNDOCS-#1487400-v5-Stipulated_Motion_Extending_Bar_Date_-_Beal.DOC**
53K

---

**Will Morrison** <willmorrison01@gmail.com>               Wed, Apr 17, 2019 at 6:04 PM
To: Steven Call <scall@rqn.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Negative. My client and I have both adjusted our schedules to complete the exam on the 22nd. I hope you know that he
is going to be traveling to the exam from his home in Ephraim and will be driving to your office on the morning of the
exam. This over 130 miles to get to your office, and you won't accommodate a later starting date? That is pathetic.

We will be there as scheduled on April 22nd and we will not agree to a continuance.  Just FYI, accommodations work both ways, and I will remember this.

Please be mindful of Fed R Bankr P 2004(e) ("mileage").  You will need to tender appropriate mileage reimbursement to my client when he arrives for the exam or we will not be going forward with it.

Will

[Quoted text hidden]

---

**Steven Call** <scall@rqn.com>                                                Wed, Apr 17, 2019 at 6:31 PM
To: Will Morrison <willmorrison01@gmail.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Will,

I believe you have it backwards.  You requested a different date for the examination.  I agreed to accommodate your request. I obtained available dates from you and told you that we could do the examination on May 6th which was one of the dates you gave me.  I indicated that we would need to move the bar date back in order to extend the examination date to May 6, 2019.  You then requested copies of a proposed  stipulated motion and order.  The Bank incurred attorney fees in having the stipulated motion and order prepared.  After the documents were sent to you, you refused to stipulate to a short extension of time.  I then came back with a shorter extension of time and now you are refusing that shorter period of time.

I cannot grant a later start on April 22nd because, as you know, it is the bar date for the filing of the Bank's complaint.  Thus, I would be forced to work late if the examination runs late.  In light of the foregoing, if your client is willing to extend the bar date even by a few days, then we can start at 11:00.  However, I would suggest that you provide me with your most preferred date for the examination and that we set the bar date three for four days after that date.  Is there is anything illogical or unreasonable with that approach?   If not, give me your preferred date and then authorize me to file the stipulation for a bar date four days later.

I am more than willing to speak with you about it in the phone if you want to call me at (801) 323-3310.

[Quoted text hidden]

---

**Will Morrison** <willmorrison01@gmail.com>                              Thu, Apr 18, 2019 at 11:15 AM
To: Steven Call <scall@rqn.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

We have already changed our schedules so will be going forward with the exam on April 22nd at 9:30 am as previously indicated.

Sent from my iPad
[Quoted text hidden]

---

**Steven Call** <scall@rqn.com>                                                Thu, Apr 18, 2019 at 11:40 AM
To: Will Morrison <willmorrison01@gmail.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

Will,

Under Rule 2004(e) our calculation of the mileage fee is $19.60.  This is based upon the distance of 236 miles round trip from Ephraim to SLC  less 200 miles pursuant to 2004(e) times $ .545 per mile.  If you have a different calculation, please

let me know.


Also, we have not yet received the documents Mr. Beal was subpoenaed to produce on April 5, 2019.  Please confirm that those documents will be produced by tomorrow.


Thanks,

[Quoted text hidden]

---

**Will Morrison** <willmorrison01@gmail.com>                                                    Thu, Apr 18, 2019 at 11:59 AM
To: Steven Call <scall@rqn.com>
Cc: Eliza Tito <ETito@rqn.com>, Carrie Hurst <churst@rqn.com>, Justin Kuettel <JKuettel@rqn.com>

I believe your calculations are wrong.  The rule only allows for the deduction of 100 miles, there is no provision in the rule to deduct 200 miles.

Also, the copy of the subpoena that I received is dated April 5th.  It doesn't require production by April 5th.  Instead, it calls for the production of documents at the time of the exam on Apr 22 at 9:30 am (see attachment, page 2).

Will

[Quoted text hidden]

---

📄 **Beal-subpoena re 2004 exam.pdf**
669K

# EXHIBIT 3

# (reserved)

# EXHIBIT 4

# District of Utah CM/ECF and E-filing Administrative Procedures Manual

Version June 13, 2019

## INTRODUCTION AND DEFINITIONS

On May 2, 2005, the United States District Court for the District of Utah adopted electronic case files as part of the implementation of its new Case Management/Electronic Case Files (CM/ECF) system. This new system, developed at the direction of the Judicial Conference of the United States, is being implemented in federal trial courts throughout the country. During the summer of 2005, registration and training began for all members of this Court's Bar. Electronic filing (E-filing) is now mandatory.

The Court's official case file now comprises electronic documents, which are the electronic version of pleadings, motions, and other official case documents formerly filed in paper format. An electronic document has the same legal status and effect as a paper document. E-filing is the electronic transmission of a Portable Document Format (PDF) document to the Court for inclusion in the case file; transmission is accomplished by a user uploading the document directly from a computer using the Court's CM/ECF system. E-filing includes transmission of both text PDF documents and scanned documents converted to PDF format. A document created with most standard word processing programs can be converted to PDF. The PDF conversion program, in effect, freezes the document so that the converted document can be opened across a broad range of hardware and software with the layout, format, links, and images intact. The text PDF converted documents are also searchable electronically. Documents which have not been created on the filer's word processing system are scanned and saved as an image PDF, then attached to electronic documents and filed with the court. (Electronic filers are encouraged to configure their scanners for black and white at 300 dots per inch (dpi), rather than color or gray scale scanning, unless those settings are needed to properly display the image of data in the PDF.)

Notice to e-filers that an entry has been made to a CM/ECF case docket is effected by means of a Notice of Electronic Filing (NEF). The NEF is generated by the Court's system and sent by email to counsel of record. For e-filed documents, the NEF (i) serves as verification of the court's receipt of the electronic pleading, and (ii) constitutes official notice to all other e-filers. The NEF includes the docket entry as well as a link to the filed document.

The Court has developed several tools to assist electronic filers. The authority for e-filing is in the Court's Rules of Practice. This Administrative Procedures Manual supplements those rules by providing administrative guidance to attorneys using the CM/ECF program. Attorneys should follow these administrative procedures when preparing electronic documents for filing with the Court. A separate manual, Court's *CM/ECF User's Manual*, provides step-by-step instructions on the process of filing electronically. Amendments to these resources and updates to these procedures are posted

on the Court's website: http://www.utd.uscourts.gov. E-filers may contact the assigned judge's docketing clerk for help with electronic filing. The Court's PACER system, which provides access to electronic case information, has a Help Desk which can be reached at 1-800-676-6856.

# TABLE OF CONTENTS

I.   BECOMING AN ELECTRONIC FILER OR E-FILER ..................................................... 1

   A.   REGISTRATION ................................................................................................ 1

II.   PREPARING PAPERS FOR COURT FILING ............................................................... 3

   A.   SIGNATURES ................................................................................................... 3

   B.   FILING STANDARDS ...................................................................................... 5

   C.   TECHNICAL REQUIREMENTS ..................................................................... 5

   D.   PRIVACY ......................................................................................................... 7

   E.   ATTACHING EXHIBITS TO A DOCUMENT .............................................. 8

   F.   ELECTRONIC SUBMISSION OF SEALED DOCUMENTS ....................... 9

   G.   CONVENTIONAL FILING/ COURTESY COPIES ..................................... 14

   H.   SUBMISSION OF PROPOSED DOCUMENTS ........................................... 16

   I.   SERVICE ........................................................................................................ 19

III.   PROBLEMS IN FILING ............................................................................................. 21

   A.   CORRECTING ERRORS ............................................................................... 21

   B.   TECHNICAL PROBLEMS - DOWNTIME ................................................. 22

IV.   EMAIL NOTICES TO ATTORNEYS ......................................................................... 23

V.   PAYMENT ONLINE THROUGH CM/ECF ................................................................ 24

   A.   ELECTRONIC FILING OF PLEADINGS REQUIRING A FEE ................. 24

   B.   FILING COMPLAINTS AND PAYING ON LINE ..................................... 24

   C.   FILING APPLICATIONS FOR PRO HAC VICE AND PAYING ONLINE ............................ 25

1

# I.   BECOMING AN ELECTRONIC FILER OR E-FILER

A.   REGISTRATION

1.    All attorneys who are members of the Bar of this Court or admitted to practice pro hac vice are eligible to register to become e-filers with access to the Court's Electronic Case Files.  Registration is required for each individual attorney.  No law firm may register as an e-filer.

2.    Parties appearing pro se shall file conventionally absent an order of the Court allowing registration as an e-filer.

3.    An attorney wishing to register as an e-filer shall:

   a.    complete the Court's training program or provide reasons why the training requirement should be waived (see paragraph 4 below);
   b.    complete and submit a registration form;
   c.    maintain current telephone numbers, mailing and email addresses with the Court at all times.  An e-filer whose email address, mailing address, and/or telephone number have changed from what is noted on his/her Registration Form shall inform the Court and all other parties of those changes within 24 hours.

4.    Attendance at a court-sponsored training session may be waived if the attorney registering as an e-filer either:

   a.    is a registered electronic filer for CM/ECF in another federal district court;
   b.    is a registered electronic filer in the District of Utah Bankruptcy Court;
   c.    has received training equivalent to the court's training sessions from an in-house trainer approved by the Court; or
   d.    has successfully completed CM/ECF training tutorials available on the Court's website.

5.    Registered e-filers shall electronically file all materials that the attorney files in the Court, except those which the court requires to be filed conventionally.  See Conventional Filing.

2

6.  The Court shall disable an e-filer's login and password if the e-filer fails to maintain active status as a member of the Bar of the Court or is suspended for disciplinary reasons.

7.  The Court shall disable an e-filer's login and password if the e-filer's email is returned as undeliverable, and no correct email address has been provided by the attorney.

8.  If an e-filer has a high rate of errors in electronic filing, he or she will be contacted to arrange for additional training.   If, after additional training, the e-filer is still unable to successfully file electronically, the Court may require the e-filer to file conventionally.

9.  The Court may disable an e-filer's login and password if the Court determines they have been used in violation of these Administrative Procedures or if other abuse of the system is attributable to that e-filer.

**3**

## II.   PREPARING PAPERS FOR COURT FILING

A.   SIGNATURES

1.   Filing Attorney's Signature.  Each attorney who files electronically shall be issued a login name and password by the Court.  The attorney is responsible for maintaining the security of that login and password.  The submission of a document that is (i) signed with an "/s/attorney name" or electronic image of the attorney's signature, and (ii) filed under that attorney's login and password, shall constitute an original signature for purposes of Federal Rule of Civil Procedure 11. CM/ECF presently cannot accommodate documents which have been digitally signed using Adobe Acrobat's Digital Signature feature.

2.   Signatures of Other Attorneys.  When a document to be filed requires the signature of attorneys other than that of the filing attorney, such as a stipulation, the attorney may obtain approval from any other attorney to state that the other attorney has authorized the filing attorney to electronically sign the document.  Such approval shall be indicated by any of the following:

    a.   Verbal Approval for Electronic Signature

        /s/ Other Attorney
        *(Signed by Filing Attorney with permission of Plaintiff Attorney)*
        Electronic Signature or /s/ Filing Attorney

        The filing attorney is responsible for maintaining a record of when and how permission was obtained to sign the other attorney's name until all appeals have been exhausted or the time for seeking appellate review has expired.

    b.   Approval by Signature. The filing attorney may obtain and maintain a paper copy of the document signed by the other attorney. Possession of a signed copy shall be indicated as follows:

        /s/ Other Attorney
        *(Signed copy of document bearing signature of Other Attorney is being maintained in the office of the Filing Attorney)*

**4**

<u>Electronic Signature or /s/ Filing Attorney</u>

The filing attorney shall maintain the signed copy of the document until all appeals have been exhausted or the time for seeking appellate review has expired.

    c.      Scanned Signatures.  The filing attorney may obtain original signatures, scan the signature page only and file it as an attachment to the pleading or other paper.  The filing attorney shall maintain the signed original until all appeals have been exhausted or the time for seeking appellate review has expired.

3.      Non-Attorney Signatures:  Documents that are required to be signed by persons who are not counsel of record (e.g. verified pleadings, contracts, affidavits, etc.) may be submitted in electronic format in any of the following ways, provided that the filer maintains the signed original until all appeals have been exhausted or the time for seeking appellate review has expired:

    a.      An electronic version of the document bearing "/s/name" can be filed along with a statement that the filer has the signed original, for example:

        <u>/s/ Party Smith*</u>
        (* I certify that I have the signed original of this document which is available for inspection during normal business hours by the Court or a party to this action.)

        <u>Electronic Signature or /s/Filing Attorney</u>

    b.      An electronic version of the document bearing "/s/name" can be filed with a scanned copy of the signature page as an attachment.

    c.      If the document containing original signatures is not digitally available, it may be scanned and then filed electronically.

4.      Signatures in Criminal Cases.  Documents in criminal cases requiring the signature of a non-attorney, such as a grand jury foreperson, a defendant, a third-party custodian, or a United States Marshal will be presented in paper format to the Office of the Clerk, scanned by the Clerk, docketed in the ECF System, and retained in paper format.

**5**

5.      Signature Disputes.  Anyone who disputes the authenticity of any signature must file an objection to the pleading or other paper within (10) days of the filing of that document.

6.      Signatures of Judges and Court Officials.  The submission of a document, signed with an "/s/ name" or electronic image of the traditional signature when filed with the login and password of a judge or court official, shall constitute an original signature for all purposes.  In addition, an order of the Court may be entered as a docket text order without any accompanying document or image.

B.      FILING STANDARDS

1.      All motions, pleadings, applications, briefs, memoranda of law, or other documents in civil and criminal cases except those listed under Conventional Filing Section F, shall be e-filed in PDF (Portable Document Format) form on the ECF System with a page setup of  8 1/2  x 11 inches, portrait format, on white background, with a top margin of not less than 1 1/2 inch, all other margins of not less than 1 inch, designed for printing only on one side of the paper. Subject to order of the court or of a judge in a specific case, the documents listed under Conventional Filing Section F shall not be presented for filing in electronic format, but shall be submitted in paper.

2.      Documents may also be submitted on CD-ROM, DVD or other medium as directed by the court, must only contain documents relating to a single case and must be labeled with the attorney's name, the case number, case name, a brief description of the documents on the medium, and the phone number of the attorney submitting the medium.  Each PDF filename on disk must be titled with a sufficient description so that they may be readily identified. All PDF's submitted should each be within the 25 MB size limit.

C.      TECHNICAL REQUIREMENTS

**6**

1.    An electronically filed PDF document may contain hyperlinks to other
       portions of the same document.  It may also contain hyperlinks to other
       documents e-filed within the District of Utah E-filing system (or to any
       other US District Court e-filing system.  Also, citations of legal authority
       in standard citation format may be hyperlinked to recognized electronic
       research services, such as Westlaw, Lexis/Nexis, Findlaw and official
       government sites.  Hyperlinks to cited legal authority may not replace
       standard citation format.  Neither a hyperlink, nor any site to which it
       refers, shall be considered part of the record.

2.    No embedded data shall be allowed in documents e-filed with the Court.

3.    Whenever technically feasible, all e-filed documents should be converted to
       PDF format using Adobe Acrobat or similar PDF conversion software, and
       not by scanning. This will preserve text attributes such as the ability to
       'text-search' and 'copy and paste'.  See the table below for recommended
       PDF creation methods:

| Document Format | Recommended PDF Conversion method |
|---|---|
| Documents in Word, WordPerfect or other word-processing software | PDF conversion (rather than scanned) |
| Transcripts in text format on disk or in email | PDF conversion |
| Maps and photos in electronic format | PDF conversion where appropriate |
| Web pages | PDF conversion |
| Printed copies of documents, contracts, statements, transcripts, etc., where an electronic copy is not normally available | Scanning to PDF |
| Map, photos and other materials where an electronic copy is not readily available | Scanning to PDF |

4.    Scanned documents should be OCR'd where possible and practical.  OCR
       stands for Optical Character Recognition, and is the conversion of scanned
       images into text (text overlays).  OCR is a feature readily available in most
       scanning and PDF creation software packages, including Adobe Acrobat
       Standard.

7

OCR'ing a document provides the ability to 'text-search' and 'copy and paste' in a document  This makes it easier for Chambers and all other parties to review, research and use the e-filed materials.  OCR'ing is most effective on documents that are primarily text-based.  OCR'ing is normally **not** beneficial for maps, photos, charts, graphs, financial statements, and other non-text documents.

D.    PRIVACY

1.    All counsel should carefully review proposed pleadings and attachments with regard to the inclusion of personal information.  Certain types of sensitive information should not be included in documents filed with the Court. Personal information not protected will be available on the Internet via CM/ECF.  If sensitive information must be included, the personal data identifiers must be redacted in the document.

   a.    Social Security numbers - show only the last four numbers;
   b.    Names of minor children - show only the initials;
   c.    Dates of birth - show only the year;
   d.    Financial account numbers - show only the last four numbers; and
   e.    Home addresses - show only the city and state.

2.    In addition, counsel shall carefully consider whether the following types of information should be redacted in court filing:

   a.    Personal identifying numbers such as driver's license number;
   b.    Medical records including treatment and diagnosis records;
   c.    Employment history;
   d.    Proprietary or trade secret information;
   e.    Information regarding an individual's cooperation with the government;
   f.    Information regarding the victim of criminal activity;
   g.    National security information; and
   h.    Sensitive security information described in 49 U.S.C. § 114(s).

3.    It is the sole responsibility of counsel and the parties to redact personal identifiers; the Clerk will not review any e-filed document to determine whether it includes personal information.  All e-filers should review the Judicial Conference Privacy Policy and applicable court rules before

**8**

entering documents on the CM/ECF system:
http://www.privacy.uscourts.gov

E.      ATTACHING EXHIBITS TO A DOCUMENT

1.      Exhibits in support of a motion or memorandum or attached to a declaration or affidavit shall be filed electronically in PDF format.

2.      The filer shall verify the readability of scanned document exhibits before submitting them to the court.  Text PDF files are preferred, but image PDF documents will be accepted.

3.      Filers shall attach only those excerpts of referenced documents which are directly germane to the matter under consideration, clearly labeling them as excerpts.  Filing of an excerpt does not affect the ability to subsequently file additional excerpts or even the full document, if allowed by the court.

4.      The use of PDF bookmarks is strongly encouraged. [Instructions on how to create bookmarks]

5.      Exhibits shall be electronically filed as follows:

a.      Create an index to the exhibits, including the title of the exhibit and the exhibit number.  Then attach the index to the memorandum.

b.      Title and number each exhibit, then attach each exhibit to the memorandum.  In addition to numbering and/or lettering, each exhibit should be given a descriptive title when e-filing. See the diagram below:

9



c.   Any single exhibit larger than twenty-five (25) megabytes shall be divided into parts or sections smaller than 25 megabytes and shall be clearly labeled.

d.   The use of PDF bookmarks is strongly encouraged [Instructions on how to create bookmarks]

6.   If the exhibit cannot be filed electronically, the filer shall (i) electronically file a notice of conventional filing; (ii) submit the original exhibit and a judge's copy to the Court with a disk containing a broken-down PDF version of the document for filing; and (iii) conventionally serve any other party.  This provision applies to sealed exhibits or diagrams and photographs which cannot be scanned into PDF format. The filing party shall file an original of the exhibits with the Clerk. The exhibits must clearly identify the case name, number and the document which they relate to. A courtesy copy of the exhibits, tabbed and enclosed in a three-ring binder, shall be provided for chambers' use.

F.   ELECTRONIC SUBMISSION OF SEALED DOCUMENTS

1.   E-filing of sealed documents in civil cases by registered e-filers is required by local rule DUCivR 5-3. E-filing of sealed documents in criminal cases is required by DUCrimR 49-2.

2.   Documents in sealed civil cases, sealed criminal cases, as well as motions to proceed *in forma pauperis* (IFP) will continue to be filed in paper, following the procedure outlined in section "G. Conventional Filing/Courtesy Copies" of this manual.

10

3. **Civil Filing:**

   a. A proposed sealed document may be maintained under seal only upon the filing of a redacted version of the document and an order of the court granting a motion for leave to file under seal. The caption page of the redacted document must state REDACTED VERSION. <u>The redacted version will be considered the operative document in terms of briefing and calculating deadlines.</u>

   b. The caption for sealed versions must clearly state FILED UNDER SEAL.

   c. Documents filed under seal per statute and without motion must so indicate in the document caption.

   d. PDF images of sealed filings must include highlighting of the redacted portions of the previously filed redacted copy.

   e. Sealed documents may be unsealed at any time upon order of the court.

4. **CIVIL E-Filing Procedure:**

   a. Filing the REDACTED version.

      i. Select CIVIL on the blue toolbar at the top of the screen.

      ii. Choose the appropriate document type/event (motion, memorandum, exhibit, affidavit, etc).

      iii. Add "REDACTED" to the final docket text and submit the filing.

   b. Filing the Motion for Leave to File Under Seal.



      i. Select CIVIL on the blue toolbar at the top of the screen.

      ii. Select MOTIONS and choose the **Leave to File Sealed Document** motion relief.

         (*Use the **Leave to File Under Seal – SEALED** <u>only</u> if the motion must be filed under seal.)

      iii. Link the document to the REDACTED version of the document.

**11**

    iv.  NOTE: this motion may be filed under seal without leave of court, if necessary. Use the event called "Sealed Motion for Leave to File Under Seal."

  c.  Filing the SEALED version.

    i.  Select CIVIL on the blue toolbar at the top of the screen.

    ii.  Sealed documents are filed using the **Sealed Document** event found under **Other Documents** in the CIVIL filing menu. Do not



use the motion event even if your proposed sealed document is a motion.

    iii.  NOTE: as you proceed, a caution message will alert you that only the document will be sealed and not the entry on the docket. A NEF will be sent to the parties on the case without access to the document. **Filers must continue to provide copies to all other parties with a copy of the NEF attached.** A certificate of service should reflect the method service.

    iv.  Filers must link the sealed document to the original REDACTED version and any related motions.

5.  **Criminal Filing:**

  a.  No Motion Required

    i.  Pursuant to DUCrimR 49-2(c), documents containing sensitive, confidential, or personal information for or about a defendant or other individuals; documents pertaining to grand jury matters; or documents prepared for the court's use in plea or sentencing, may be filed under seal without a motion or prior approval from the court. If the entire case has been sealed, however, no efiling is permitted as the docket is not available to anyone outside the court.

  b.  Caption requirement

    i.  The caption for sealed documents must clearly state FILED UNDER SEAL.

  c.  Service of Sealed Documents

**12**

    i. Sealed documents, including motions will not appear on the public docket, and no Notice of Electronic Filing (NEF) will be sent.

    ii. Counsel are responsible for serving copies of sealed documents on other parties.

d. Sealed Ex Parte Motions Filed by CJA Panel Attorneys

    i. CJA Panel Attorneys who are requesting authorization for expert services do so by submitting a request and supporting memorandum for authorization in the court's eVoucher system. These requests should not be efiled in CM/ECF.

    ii. The following sealed ex parte motions may be efiled in CM/ECF in unsealed cases: motions for issuance of subpoenas, motions for subpoenas duces tecum, motions for appointment of co-counsel, and motions for orders permitting medical or psychological contact/visits.

6. **CRIMINAL Efiling Procedures:**

  a. <u>**Sealed Motions**</u> –

    i. Select CRIMINAL on the blue toolbar.

    ii. Enter the case number and follow the prompts to select the filer.

    iii. Select **Sealed Motion** under the Motions and Related Filings category.



    iv. Click Next to advance after reading the notifications regarding proposed orders and the notification of sealed filings.

    v. Attach the PDF and complete the filing, linking to any previously filed documents, if necessary.

13



vi. Review the final docket text. Add a modifier if needed.



*NOTE: The docket text relating to sealed documents in criminal cases does not have descriptive text. The docket text will state only the name of the event, such as "Sealed Motion," the name of the filing party, and the defendant the filing applies to.

*NOTE: The docket text will remind the filer that they are responsible for serving sealed documents on other parties, as no NEF will be sent for sealed documents. Even though a NEF will appear upon completion of the motion **this notice will not be sent to any party on the case, including the filer.** The filer will be responsible for serving any other opposing parties, when necessary.

b. **Other Sealed Documents** - Documents filed per DUCrimR 49-2(c)(3) in unsealed cases are to be filed using the "Sealed Entry-Document" event.

   i. Select CRIMINAL on the blue toolbar.

   ii. Select **Other Documents** under the Other Filings category.

   iii. Select Sealed Entry-Document from the drop-down menu.



iv. Enter the case number. Select the appropriate defendant, if necessary.

v. Click Next after reading the screens reminding you that no NEF will be sent and that a certificate of service should be attached to the document imge.

vi. Add the PDF(s) of the Main Document, and any attachments.

vii. Select the party filing the Document.

viii. Link the entry to any related entries.

ix. Submit the filing.

x. **No Notice of Electronic Filing will be sent. The filer is responsible to forward a copy of the filing to the appropriate parties.**

G.     CONVENTIONAL FILING/ COURTESY COPIES

1.     Paper documents presented to the Court for conventional filing may be scanned and docketed.  The scanned PDF image will become the official court record, except for documents filed pursuant to paragraph 4, below.

2.     Attorneys or parties filing conventionally shall continue to provide courtesy copies at the time of filing. Courtesy copies shall be clearly identified as such in capital letters on the face sheet of the courtesy copy.

3.     Attorneys who e-file documents and pleadings are not required to provide courtesy copies to the Court unless specified in the judge preferences on the Court's website.

a.      If individual chambers require courtesy copies of voluminous documents with numerous exhibits, such as administrative records, they are to be tabbed and bound in a three-ring binder.

Courtesy copies may be mailed directly to chambers or dropped off at the Office of the Clerk with a designation of the chambers to which they should be delivered.

4.     Attorneys shall file the following types of papers conventionally:

15

a.   Pleading and other papers filed pro se;

b.   Documents in sealed civil cases, motions for leave to proceed in forma pauperis, and sealed documents in all criminal cases;

c.   All charging documents in criminal cases (including the complaint, information, and indictment);

d.   All documents signed by a defendant in a criminal case;

e.   Documents that exceed twenty-five (25) megabytes (MB) when converted to PDF that cannot be separated into smaller than twenty-five megabyte segments.

Note that a registered e-filer <u>may</u> file exhibits to a pleading conventionally if the exhibits are photographs or other material which cannot be easily viewed or submitted in electronic format.   See paragraph E 6 above.

5.   A registered e-filer shall electronically file all materials filed in the court with the exception of those listed in the preceding paragraphs. *A registered e-filer who files a document conventionally due to size limitation, an exhibit that cannot be scanned, or other reason, shall electronically file a Notice of Conventional Filing **if that filing would have normally been filed electronically.*** (This requirement may be removed in the future).  Notices of Conventional Filing are **NOT** necessary for documents that are required to be filed in paper.

6.   Attorneys filing civil complaints in paper must also submit the opening document(s) and cover sheet on a disc in PDF format.

7.   Parties filing sealed documents conventionally must deliver the documents to the court in the following manner:

a.   <u>Original Document</u>.  The original document must be unfolded in an envelope with a copy of the document's cover page affixed to the outside of the envelope.  The cover page must include a notation that the document is being filed under court seal, and in civil cases, must indicate one of the following reasons why the document has been filed under seal:

i.   filed under seal pursuant to court order; or

ii.   filed in a case that the court has ordered sealed.

**16**

Any exhibits filed must include a paper index to the exhibits, including the title (description) of the exhibit and the exhibit number.

(2)    <u>CD-ROM</u>. The sealed filing must be accompanied by a CD-ROM (or other tangible electronic media) containing separate PDF versions of each document filed, including individual exhibits and the index of exhibits.  The CD-ROM shall be placed in the same envelope as the original document and shall be marked with the case name, case number, and the date of delivery,

(3)    <u>Courtesy Copies</u>. Courtesy copies of both the document and the CD-ROM, prepared in the manner described above, shall be delivered at the same time as the originals.  Individual chambers may also notify counsel that an electronic version of the sealed document shall be delivered to chambers via email or other method of secured electronic delivery.

H.    SUBMISSION OF PROPOSED DOCUMENTS

Proposed Orders, Judgments, Jury Instructions, Voir Dire Questions, and Findings of Fact and Conclusions of Law.

1.    No proposed order in support of a motion shall be transmitted to chambers prior to the filing and docketing of the motion to which the proposed order relates.  Other proposed orders pursuant to DUCivR 54-1, proposed jury instructions, voir dire questions and findings of fact and conclusions of law shall be transmitted to the Court in the manner prescribed in the scheduling order of the Court.  Proposed orders, judgments, voir dire questions, jury instructions, and findings of fact and conclusions of law shall be (i) prepared as word processing documents; (ii) saved in WordPerfect or Word format, and (iii) transmitted to the assigned judge via email.  A courtesy copy shall be provided to all other parties.  An additional copy of the proposed order, judgment, jury instruction, voir dire questions, or findings of fact and conclusions of law shall be saved as a PDF file and filed electronically as an attachment to the motion to which the order relates or, for other documents, as ordered by the Court.

17

2.  If the case has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(A):

    a.  Proposed orders corresponding to non-dispositive civil motions (e.g. motions to compel, motions to modify scheduling orders, etc.) shall be submitted to the assigned magistrate judge, and

    b.  Proposed orders corresponding to dispositive motions (e.g. motions to dismiss, motions for summary judgment, motions to remand, etc.) and motions relating to dispositive motions or trial (to extend briefing deadlines, continue trial, motions in limine) shall be submitted to the assigned district judge.

3.  If the case has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B),

    a.  All proposed orders, except orders related to objections to an order of the magistrate judge, shall be submitted to the assigned magistrate judge; and

    b.  Proposed orders relating to objections to an order of the magistrate judge shall be submitted to the assigned district judge.

4.  If in doubt as to whether to email the proposed order to the assigned magistrate judge or to the assigned district judge, do not submit it to both judges.  Rather, the proposed order shall be emailed to the magistrate judge who will, if appropriate, forward the proposed order to the assigned district judge.

5.  Proposed orders or other documents shall be clearly identified in the subject line of the sender's email as follows:

Proposed order in (case title) and (case number)
Plaintiff/Defendant's Proposed Jury Instructions in (case title) and (case number)
Plaintiff/Defendant's Proposed Findings of Fact and Conclusions of Law in (case title) and (case number)
Proposed Judgment in (case title) and (case number)

6.  The proposed documents shall be emailed to the following mailboxes.

*utdecf_shelby@utd.uscourts.gov*          *Chief Judge Robert J. Shelby*

**18**

| | |
|---|---|
| *utdecf_nuffer@utd.uscourts.gov* | *Judge David Nuffer* |
| *utdecf_parrish@utd.uscourts.gov* | *Judge Jill N. Parrish* |
| *utdecf_nielson@utd.uscourts.gov* | *Judge Howard C. Neilson, Jr.* |
| *utdecf_jenkins@utd.uscourts.gov* | *Senior Judge Bruce S. Jenkins* |
| *utdecf_sam@utd.uscourts.gov* | *Senior Judge David Sam* |
| *utdecf_benson@utd.uscourts.gov* | *Senior Judge Dee Benson* |
| *utdecf_campbell@utd.uscourts.gov* | *Senior Judge Tena Campbell* |
| *utdecf_kimball@utd.uscourts.gov* | *Senior Judge Dale A. Kimball* |
| *utdecf_stewart@utd.uscourts.gov* | *Senior Judge Ted Stewart* |
| *utdecf_waddoups@utd.uscourts.gov* | *Judge Clark Waddoups* |
| *utdecf_warner@utd.uscourts.gov* | *Chief Magistrate Judge Paul M. Warner* |
| *utdecf_furse@utd.uscourts.gov* | *Magistrate Judge Evelyn J. Furse* |
| *utdecf_pead@utd.uscourts.gov* | *Magistrate Judge Dustin B. Pead* |
| *utdecf_romero@utd.uscourts.gov* | *Magistrate Judge Cecilia M. Romero* |
| *utdecf_wells@utd.uscourts.gov* | *Magistrate Judge Brooke C. Wells* |
| *utdecf_kohler@utd.uscourts.gov* | *Magistrate Judge Paul Kohler* |

Documents prepared for the signature of the clerk of court, such as default certificates, orders to extend time under DUCivR 77, civil summons, etc. shall be emailed to

*utdecf_clerk@utd.uscourts.gov*

7.    The court will continue to add parties to the CM/ECF database. Counsel shall contact the docketing clerk for the assigned judge and request the addition of new parties. Counsel may also email their requests and a PDF version of the proposed filing adding the parties to the clerk's office at the following address:

*utdecf_clerk@utd.uscourts.gov*

Pleadings that can add parties include

Motion to Intervene
Motion to File Amicus Brief
Complaints
Amended Complaints
Cross claims, Counterclaims, and
Third-Party Complaints

**19**

The Clerk's office, by way of Quality Control review, will also add new parties or terminate parties no longer involved in a case.

I.    SERVICE

1.    Attorneys of record who are currently registered to receive notices, orders, and judgments electronically from the Court will receive a Notice of Electronic Filing (NEF) whenever a document is filed in a case.

2.    The Court will issue a summons upon the filing of a civil complaint.  The summons and complaint shall be served on the defendant(s) as provided in Federal Rule of Civil Procedure 4. The returned summons may be either (i) imaged and electronically filed by the party who served the summons, or (ii) filed conventionally.

3.    Subsequent to the filing of the complaint and pursuant to Federal Rule of Civil Procedure 5, papers will be served upon opposing counsel and/or parties as follows:

    a.    If an attorney files a paper document with the Clerk, paper copies shall be served unless the other attorneys in the case have agreed to accept alternate service, in which case the serving attorney may use the agreed upon alternate service method.

    b.    If an attorney is registered as an electronic filer and files electronically, a NEF will be served on any attorney in the case who also is a registered electronic filer.  To determine whether another party is a registered electronic filer, a user can select from the "Utilities" menu and select mailing information for a case.  All other attorneys or parties including those with an email address but are not registered e-filers shall be served conventionally by the electronic filer.

4.    A certificate of service is required whenever a pleading is filed either electronically or conventionally, **but shall not be required when all parties to a case are registered electronic filers. In that instance, the Notice of Electronic Filing (NEF) shall serve as the proof of service**. The certificate must state the manner in which service or notice will be

**20**

accomplished and may be filed as an attachment to the document or as a separate filing.

21

## III.   PROBLEMS IN FILING

A.    CORRECTING ERRORS

1.    Once a document has been submitted and becomes part of the electronic case file, corrections to the docket text can only be made by the Clerk's office.

2.    If the text of the docket entry and the electronic copy of an order are inconsistent, the electronic copy of the order serves as the official Court record.

3.    If the filing attorney fails to attach an exhibit to a filing, the attorney shall file the omitted attachment and reference the prior filing.

4.    If an electronic document has been filed in the wrong case, the filer shall notify the Court and re-file in the correct case.  The Clerk's Office may remove the document link but not the docket entry in the incorrect case. An explanatory note may be placed in the docket in the incorrect case.

5.    If the Clerk of Court notes a deficiency in a document e-filed by an attorney, such as an incorrect number of pages or an electronic copy which cannot be clearly viewed, (i) a notice of the deficiency will be docketed in the case; (ii) and the e-filer will re-file the document with a new document number.

6.    If a document filed by the attorney is not allowed to be filed by the Federal Rules of Civil or Criminal Procedure or under the local rules, (i.e. disclosures, offer of judgment, an amended complaint requiring leave of the Court to be filed), the Clerk's Office will inform the assigned judge's chambers of the problem.  The problem can be addressed by a docket text order striking the filing and removing the link to document or image.  The original docket text entry will remain.

7.    If the error is failure to sign with an "/s/attorney name", the Clerk's Office will alert the attorney.  However, the document and its link to the docket entry will not be changed.

22

8.  If the filer has made an incorrect docket entry, the docket clerk may place a remark on the incorrect entry, and either re-docket the document and attach the document to the corrected entry or direct counsel to re-file correctly.

9.  If, after filing electronically, the filer determines that a document or exhibit should have been sealed, the filer must comply with the requirement of DUCivR 5-2 and obtain an order of the court sealing the exhibit or document.  Upon the docketing of the order, the document or exhibit will be sealed.  Absent order of the court, the docket entry will not be modified.

B.    TECHNICAL PROBLEMS - DOWNTIME

1.  A party whose filing is untimely as the result of a technical failure of the Court's CM/ECF site may seek appropriate relief from the court.

2.  The Court shall consider the CM/ECF site to be subject to a technical failure if the site is unable to accept filings for more than one hour after 12:00 noon on any given day.  Scheduled system outages shall be posted on the court's web site.  The Clerk will maintain a log of all periods of technical failure.

3.  If the filer has a technical failure on the filer's end, such as phone line problems, Internet Service Provider (ISP) problems, or other hardware and software problems, the filer is responsible for filing the document conventionally.

**23**

## IV.   EMAIL NOTICES TO ATTORNEYS

1.      An attorney may designate up to three email addresses to which notices will be sent.   It is technically possible to add even more than three email addresses.  The court will instruct any user who wants to maintain more than three addresses on the procedures to do so.

2.      All attorneys of record who are e-filers will receive Notices of Electronic Filing.

3.      Attorneys whose clients have been terminated from the case will continue to receive Notices of Electronic Filing for that case unless the attorneys inform the court  that the attorney does not wish to receive notice of further case activities, including the final judgment.

4.      Attorneys must comply with the requirements of DUCivR 83-1.4 to withdraw from a case.  An attorney who has withdrawn from a case pursuant to those requirements will no longer receive Notices of Electronic Filing in that case.

**24**

# V.   PAYMENT ONLINE THROUGH CM/ECF

A.   ELECTRONIC FILING OF PLEADINGS REQUIRING A FEE

1.   E-filers may file complaints, applications for admission Pro Hac Vice and notices of appeal electronically and pay by use of a credit card through CM/ECF and the Pay.gov system.

2.   Alternatively, attorneys may also prepay fees at the Office of the Clerk and then electronically file the pleading requiring a fee, enter the receipt number given to them by the clerk, and bypass the online payment.

B.   FILING COMPLAINTS AND PAYING ON LINE

1.   In order to e-file a complaint and pay online, the clerk's office must first receive from the filing attorney the information necessary to open the case on the CM/ECF system.  Therefore, counsel must first email a copy of the civil coversheet and the complaint to utdecf_clerk@utd.uscourts.gov.

The emailed complaint is for information purposes only and will not be filed by the clerk's office.  The complaint must be filed by counsel. New cases will be processed until 4:00 pm  Monday-Thursday and 3:30 pm on Friday each day the court is open.  New cases received after this time will be processed the following morning.

After the case has been opened and a judge assigned, the filing attorney will be notified by email or telephone and shall electronically file the complaint and pay the filing fee through CM/ECF (and pay.gov).  In order to preserve the filing date, the electronic filing must occur on the same day that the case has been opened.  The case is not considered filed until the complaint has been e-filed and the filing fee is paid.  See 28 U.S.C. § 1914 and DUCivR 3-1.

Attorneys filing civil complaints in paper must also submit the opening document(s) and cover sheet on a disc in PDF format.

25

C.    FILING APPLICATIONS FOR PRO HAC VICE AND PAYING ONLINE

1.    Local counsel may enter their appearance in the case and then electronically file the motion for admission Pro Hac Vice, with the Pro Hac Vice attorney's completed application and a proposed order of admission as exhibits to the motion.   An electronic filing registration form for the Pro Hac Vice attorney should also be attached if the pro hac attorney does not already have a CM/ECF login and password for the District of Utah.

D.    DETAILED INSTRUCTIONS FOR USING PAY.GOV

1.    The clerk has detailed instructions for using Pay.Gov available separately from the Administrative Procedures.  Counsel should consult these instructions for updates and changes in procedures before e-filing pleadings requiring payment.

# EXHIBIT 5



Will Morrison <willmorrison01@gmail.com>

---

## State Bank v Beal - for the evidentiary hearing

4 messages

---

**Will Morrison** <willmorrison01@gmail.com>        Tue, Jun 25, 2019 at 2:19 PM
To: Steven Call <scall@rqn.com>
Bcc: Will Morrison <willmorrison01@gmail.com>

Steve, please advise as to what court staff members you intend to call as witnesses at the evidentiary hearing. I do not want to waste any of the staff members' time speaking with them if they are not going to be material witnesses likely to testify at the hearing.

Additionally, please identify what web browser your office was using at the time you attempted to file the adversary complaint in this case (e.g., Google Chrome, Internet Explorer, Mozilla Firefox, or something else). Please identify which staff members may be able to corroborate this.

Finally, how many adversary cases have you filed this year? How about last year?

Thx

Will


--
Will Morrison, Atty at Law
MORRISON LAW OFFICE, INC.
<u>SLC Office</u>: 5957 S Redwood Rd, #101, SLC, UT 84123
<u>Davis County</u>: 377 Marshall Way, #1-J, Layton, UT 84041
Tel: 801-519-9772

http://www.morrisonlawoffice.com


==========
This e-mail message is intended only for the named recipient(s) and contains information that may be confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, please note that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. If you have received this message in error, please notify me immediately at 801-519-9772, and delete the message. Thank you.
==========

---

**Will Morrison** <willmorrison01@gmail.com>        Tue, Jul 9, 2019 at 1:17 PM
To: Steven Call <scall@rqn.com>

Just following up on my email below. I have not received a response to the questions posed. Thx, Will

[Quoted text hidden]

---

**Steven Call** <scall@rqn.com>        Thu, Jul 11, 2019 at 7:31 PM
To: Will Morrison <willmorrison01@gmail.com>
Cc: Justin Kuettel <JKuettel@rqn.com>, Lisa Conterio <LConterio@rqn.com>

Will:


I don't believe the information you have requested is relevant to the issue before the Bankruptcy Court. I have been an ECF filer for years. I sent you an email of the problem I encountered on the night of the filing. Later, at your request, I sent you a detailed account of the events that occurred. By contrast you have provided no explanation as to what your factual position is or any basis to support that position. Please provide that to me.


Also, when we were at the examination of the Debtor you asserted that the Debtor was entitled to a witness fee for total distance that he traveled which was more than 100 total miles. I have researched the issue and cannot find any authority to support your position. The law provides that the Debtor is only entitled to a fee for the distance which is beyond 100 miles for his residence to the examination (that is a 200 mile round trip). Thus, if a debtor travels 125 miles to the deposition, the excess mileage would be 50 miles, that is, 25 miles each way beyond of the original 100 mile distance from his residence. You have asserted that the Debtor would be entitled to the total distance of 250 miles less 100 miles. Again, I find no authority to support your position. As such, please provide some authority for your position, or promptly return the excess witness fee paid to the Debtor which you represented you would hold in your trust account.


Thanks,

---

Steve

**Steven Call | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and
its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.

[Quoted text hidden]

---

**Will Morrison** <willmorrison01@gmail.com>                    Sat, Jul 13, 2019 at 7:36 PM
To: Steven Call <scall@rqn.com>
Cc: Justin Kuettel <JKuettel@rqn.com>, Lisa Conterio <LConterio@rqn.com>

The information I have requested is clearly relevant as it goes to your experience in efiling adversary complaints. My position is that the efiling
service was functioning properly, as confirmed by David Sime of the bankruptcy court. It looks like you waited until the last minute to file and then
didn't know how to properly navigate CM/ECR to get your complaint filed timely. So how many adversary complaints have you filed this year? Was
this your first one? Please provide the information I have requested so we can get to the bottom of what actually happened here. Thank you

[Quoted text hidden]

# EXHIBIT 6

 Gmail

## Re: Complaint against Allen Beal

1 message

**Steven Call** <scall@rqn.com>                                              Tue, Apr 23, 2019 at 5:58 PM
To: Will Morrison <willmorrison01@gmail.com>
Cc: Eliza Tito <ETito@rqn.com>, Justin Kuettel <JKuettel@rqn.com>, Carrie Hurst <churst@rqn.com>

Will:


The problem that arose was that the software would not allow me to file the complaint.  One of the problems was that when I inserted the dollar amount into the window for the 523 claim, the system would state that an integer was missing. Despite entering various numbers in various configurations, including with and without dollar signs and comas, the system would not move to a new window.  After a significant amount of time and numerous attempts I inserted an inaccurate number of 2000 and then it moved to the next window.  However, the system would ask whether you want to pay via internet, waiver or deferral, I could not get the window to open on numerous attempts.  Thus, the system would still state pay $350 fee but without a method to pay.  I backed up and tried numerous times to have the payment window open but it would not.  I also had other similar problems with the software.


I discussed the matter with the Court's IP department and was told that the problems and error messages that I received reflect that the software was not operating correctly.  I was told that even though I backed up and tried repeatedly to file, the software would still  produce the same errors.  I was told that when these problems occur, the best approach is not to use the back-up button in the software to start over but to exit out (or go back to the first blue bar) and start over.  As to timing, I had everything scanned and first attempted to file at 11:35 p.m.  As filing seemed futile I sent you an email with a copy of the complaint.  Shortly thereafter, I sent the exhibits.  Finally after nearly 40 minutes, the system apparently filed one of the attempted filings of the complaint without payment.   When the system was opened this morning, a payment window came up.  It is my understanding, this is not the first time this has occurred.


In any event, I believe the clerk's office will be addressing and disclosing the filing problem that occurred.


Steve

**Steven Call | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard

This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.



**From:** Will Morrison [mailto:willmorrison01@gmail.com]
**Sent:** Tuesday, April 23, 2019 11:25 AM
**To:** Steven Call
**Subject:** Re: Complaint and first five exhibits

It looks like you missed the filing deadline.  What software problems are you referring to?  Why did you wait so long to file?


Will



On Tue, Apr 23, 2019 at 12:07 AM Steven Call <scall@rqn.com> wrote:

> Will,
>
> I have been trying to file the Bank's complaint for 25 minutes but there were problems with the software.  As such, I am emailing to complaint to you with the exhibits.
>
> Steve
>
> **Steven Call | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
> Direct: 801-323-3310 | Facsimile: 801-532-7543 | www.rqn.com | vCard
>
> This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.


--

Will Morrison, Atty at Law
MORRISON LAW OFFICE, INC.

SLC Office: 5957 S Redwood Rd, #101, SLC, UT 84123

Davis County: 377 Marshall Way, #1-J, Layton, UT 84041

Tel: 801-519-9772


http://www.morrisonlawoffice.com


==========
This e-mail message is intended only for the named recipient(s)  and contains information that may be confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, please note that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  If you have received this message in error, please notify me immediately at 801-519-9772, and delete the message.  Thank you.
==========