STEVEN W. CALL (5260)
JUSTIN M. KUETTEL (16873)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone: (801) 532-1500
Email: scall@rqn.com
       jkuettel@rqn.com

*Attorneys for State Bank of Southern Utah*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**ALLEN BEAL**<br><br>Debtor. | Chapter 7 Case<br>No. 19-20276<br><br>Adversary Proceeding<br>No. 19−02043 RKM<br><br>Honorable R. Kimball Mosier<br><br>(Filed via ECF) |

**STATE BANK OF SOUTHERN UTAH'S EX PARTGE MOTION
FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

Pursuant to Rule 8002(d) of the Federal Rules of Bankruptcy Procedure and local Rule 9006-1 State Bank of Southern Utah ("**State Bank**") hereby moves the Court for an order extending the time in which to file a notice of appeal of the Court's *Order and Judgment Denying Motion to Extend Time, Granting Defendant's Motion to Dismiss and Dismissing*

*Adversary Proceeding* [Dkt. 29] and *Memorandum Decision/Opinion and Order* [Dkt. 28] which were entered on March 31, 2020.

## PRECISE RELIEF SOUGHT

State Bank seeks an order from the Bankruptcy Court granting the Bank an extension of time in which to file a notice of appeal from the Court's *Order and Judgment Denying Motion to Extend Time, Granting Defendant's Motion to Dismiss and Dismissing Adversary Proceeding* [Dkt. 29] and *Memorandum Decision/Opinion and Order* [dkt. 28] which were entered on March 31, 2020. In compliance with the limitations provided by Bankruptcy Rule 8002(d)(3), State Bank seeks an extension of time until 21 days after the time prescribed by Rule 8002 on May 5, 2020, or 14 days after this Court's order granting the extension of time whichever is later. In the alternative, State Bank seeks an order granting the longest period of time permitted by the Court.

## GROUNDS AND MEMORANDUM IN SUPPORT OF MOTION

1. On October 24, 2019, the Court completed the evidentiary hearing in connection with adversary Proceeding No. 19−02043 RKM. [Dkt. No. 27]

2. On March 31, 2020, the Court entered its *Memorandum Decision/Opinion and Order* [dkt. 28] relating to the matters before the Court (the "Memorandum Decision").

3. On March 31, 2020, the Court entered its *Order and Judgment Denying Motion to Extend Time, Granting Defendant's Motion to Dismiss and Dismissing Adversary Proceeding* (the "Judgment of Dismissal"). [Dkt. No. 29] A copy of the Judgment of Dismissal is attached hereto.

4. The time for filing an appeal of the foregoing Judgment of Dismissal and Memorandum Decision has not expired as of the filing of this motion on April 13, 2020.

2

5. Bankruptcy Rule 8002 of the Federal Rules of Bankruptcy Procedure provides that a party may move a bankruptcy court for an extension of the time in which to file a notice of appeal. The Rule provides, in relevant part:

> 8002(d) **Extending the Time to Appeal**.
>
> (1) *When the Time May be Extended*. Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
>
> (A) **within the time prescribed by this rule**; or
>
> (B) within 21 days after that time, if the party shows excusable neglect.

Fed. R. Bankr. P. 8002(d)(1) (emphasis added). While subsection (2) does not apply any restriction on the granting of an extension of time, subsection (3) provides that an extension of time is limited as follows:

> (3) *Time Limits on an Extension*. No extension of time may **exceed 21 days after the time prescribed by this rule**, **or 14 days after the order granting the motion to extend time is entered, whichever is later**.

Fed. R. Bankr. P. 8002(d) (emphasis added).

6. Correspondingly, Rule 9006 provides that a bankruptcy court may enlarge the time for taking action under Rule 8002 "only o the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3).

7. Bankruptcy Rule 9006(b)(1) (Enlargement Governed by Other Rules) provides that a bankruptcy court may grant an enlargement of time by motion, without or without notice, subject to the limitation of paragraphs (2) and (3) as follows:

> **(b) Enlargement**.
>
> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by

these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1<u>) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order</u> or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. 9006(b)(1) .

8.  Local Rule 9006-1 provides that "a motion for an order fixing a different period may, for cause shown, be made to the court on an *ex parte* basis."

9.  Based upon the foregoing, State Bank is seeking an extension of time until 21 days from April 14, 2020 (i.e., May 5, 2020) or 14 days after this Court's order extending time is granted, whichever is later consistent with the provisions of Bankruptcy Rule 8002(d)(3).

10. Here, good cause exists for granting State Bank's motion for the enlargement of time for the following reasons.

11. The time for filing a notice of appeal has not expired at the time this motion has been filed.

12. State Bank's lead Counsel herein had a second surgery on his right leg on February 27, 2020 to repair a serious injury to the quadriceps tendon on his right leg. The surgery resulted in hospitalization. Recuperation from a quadriceps injury is difficult. As a result of the surgery Counsel's leg has been placed in a large locked cast which makes driving impossible and walking difficult.

13. In addition, the foregoing surgery has required Counsel to take various prescribed drugs which place him at greater risk of injury, hospitalization or death because of the Covid-19 Pandemic.

14. Because of Covid-19 and Counsel's post-surgery condition, Counsel has not been at his firm's law office since before the Court's Judgment of Dismissal and Memorandum Decision were entered on March 31, 2020.

15. All of counsel's physical files relating to the foregoing adversary proceeding are located at his down town law office at Ray Quinney & Nebeker P.C.

16. The mayors for Salt Lake City and Salt Lake County have both directed that people stay at home and stay safe whenever possible.

17. In addition, because the Court's Judgment of Dismissal and Memorandum Dismissal resulted in the dismissal of the adversary proceeding, the extension of time will not interfere with any scheduling or any scheduled proceeding in the adversary proceeding.

WHEREFORE, State Bank prays the Court to grant its motion for an order extending the time in which it may file a notice of appeal of the Court's Judgment of Dismissal and Memorandum Decision for a period of 21 days after the time prescribed by Rule 8002 or 14 days after the order granting the motion to extend time is entered, whichever, later as permitted by Bankruptcy Rule 8002(d)(3), or in the alternative for such lesser time as determined by the Court.

DATED this 13th day of April 2020.

RAY QUINNEY & NEBEKER P.C.

/s/ *Steven W. Call*
Steven W. Call
*Attorneys for State Bank of Southern Utah:*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April 2020, I electronically filed the foregoing **STATE BANK OF SOUTHERN UTAH'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE A NOTICE OF APPEAL** with the Clerk of the Court using the Court's CM/ECF system, which sent notice of electronic filing to the ECF users registered to receive email notice/service for this case.

                                                     */s/Lisa Conterio*
                                                   Lisa Conterio, legal assistant

1525894

**This order is SIGNED.**

**Dated: March 31, 2020**



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>ALLEN BEAL,<br><br>                    Debtor. | Bankruptcy Case No. 19-20276<br>Chapter 7 |
| STATE BANK OF SOUTHERN UTAH,<br><br>                    Plaintiff,<br><br>v.<br><br>ALLEN BEAL,<br><br>                    Defendant. | Hon. R. Kimball Mosier<br><br><br>Adversary Proceeding No. 19-2043 |

**ORDER AND JUDGMENT DENYING PLAINTIFF'S MOTION TO EXTEND TIME,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DISMISSING ADVERSARY PROCEEDING**

Plaintiff State Bank of Southern Utah filed a Verified Motion for Extension of Time for Filing Adversary Proceeding for Non-Dischargeability and Denial of Discharge Pursuant to 11 U.S.C. §§ 523 and 727 (Motion to Extend Time), seeking relief for commencing this adversary proceeding after the deadlines established by Fed. R. Bankr. P. 4004(a) and 4007(c). Defendant Allen Beal opposed the Motion to Extend Time and filed his Motion to Dismiss Adversary

Proceeding on the basis that the Plaintiff's complaint was untimely filed under Fed. R. Bankr. P. 4004(a) and 4007(c).

      The Court conducted an evidentiary hearing on both motions. After thoroughly reviewing the evidence and assessing the credibility of witnesses; and having read the motions, memoranda, and briefs; and having heard the arguments of counsel and conducted its own independent research of applicable law, the Court issued its Memorandum Decision of even date. For the reasons set forth in the Memorandum Decision, which the Court incorporates herein by reference, the Court hereby **ORDERS:**

1. The Plaintiff's Motion to Extend Time is DENIED.

2. The Defendant's Motion to Dismiss Adversary Proceeding is GRANTED.

3. The above-captioned adversary proceeding is dismissed.

_____END OF DOCUMENT_____

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **ORDER AND JUDGMENT DENYING PLAINTIFF'S MOTION TO EXTEND TIME, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING ADVERSARY PROCEEDING** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

Steven W. Call            scall@rqn.com, docket@rqn.com,lconterio@rqn.com
Justin Michael Kuettel    jkuettel@rqn.com, lbonnell@rqn.com
William P. Morrison       willmorrison01@gmail.com, G23388@notify.cincompass.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

- None.