Steven W. Call
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
(801) 532-1500
E-Mail: scall@rqn.com

Attorneys for State Bank of Southern Utah

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| IN RE:<br><br>ALLEN BEAL,<br><br>Debtor. | BANKRUPTCY CASE NO. 19-20276<br><br>ADVERSARY NO. 19-02043<br><br>DISTRICT CASE NO. 2:20-cv-00298 DBB<br><br>Hon. R. Kimball Mosier |
|---|---|

### STATEMENT OF INTERESTED PARTIES AND ISSUES ON APPEAL

State Bank of Southern Utah, through its counsel, hereby submits this Statement of Interested Parties and Issues on Appeal.

**A.  Statement of Interested Parties.**

State Bank asserts that the Interest Parties in this appeal are Appellant State Bank of Southern of Utah ("State Bank") and Allen Beal, the chapter 7 debtor.  While Phillip G. Jones was the Chapter 7 trustee appointed in the case, he has been discharged from the case and State Bank does not believe that he has an interest in the appeal.  State Bank also states that the U.S. Trustee's office did not appear in the adversary proceeding and likely does not have an interest in the appeal.

**B.  Statement of Issues Presented on Appeal.**

1.  Did the bankruptcy court err or clearly err in granting Defendant Allen Beal's motion to dismiss based upon the evidence and legal grounds presented to the court;

2.  Did the  bankruptcy court err in its application of the legal standard to be applied to the motion to dismiss filed Defendant Allen Beal;

3.  Did the bankruptcy court err or clearly err in denying State Bank's motion and/or request for the extension of time to file its complaint based upon the evidence and legal grounds presented to the court;

4.  Did the bankruptcy court err in dismissing all the claims for relief alleged by State Bank in its complaint;

5.  Did the bankruptcy court err or clearly err in finding or concluding that the bankruptcy court's filing software did not cause the problems associated with State Bank's filing including but not limited to its conclusion that the parenthetical instruction of ($000,000) does not indicate or imply that a dollar sign should be included in the input entry;

6.  Did the bankruptcy court err in its finding or conclusion that Local Rule 5005-2(g) was not applicable to the filing problems confronted by State Bank;

7.  Did the bankruptcy court abuse its discretion in denying the admission of testimonial or documentary evidence offered and/or presented by State Bank;

8.  Are one or more the bankruptcy court's findings in support of its rulings on the foregoing two motions clearly erroneous; and

9.  Are one or more the bankruptcy court's legal conclusions made in support of its rulings on the foregoing two motions contrary to law; and

DATED this 20th day of May, 2020.

                                              RAY QUINNEY & NEBEKER P.C.

                                              */s/ Steven W. Call*
                                                  Steven W. Call

                                              *Attorneys for Appellant State Bank of Southern Utah*

1530152

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2020, I electronically filed the foregoing **STATEMENT OF INTERESTED PARTIES AND ISSUES ON APPEAL** with the United States Bankruptcy Court for the District of Utah by using the Court's CM/ECF System. I further certify that the parties of record in this case, as identified below are registered users and will be served through the CM/ECF system:

- Will Morrison, (willmorrison01@gmail.com)

- Discharged chapter 7 trustee, Phillip Jones, (trustee@theo7.com)

                                                                                                                   /s/Lisa Conterio, Legal Assistant