FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

December 14, 2022

Christopher M. Wolpert
Clerk of Court

---

In re: ALLEN BEAL,

Debtor.

------------------------------

STATE BANK OF SOUTHERN UTAH,

    Plaintiff - Appellant,

v.

ALLEN BEAL,

    Defendant - Appellee.

No. 21-4124
(D.C. No. 2:20-CV-00298-DBB)
(D. Utah)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

Midnight on April 22, 2019, was the deadline for State Bank of Southern Utah to electronically file a complaint objecting to the discharge of Allen Beal's debts under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. The Bank's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attorney, Steven Call, barely missed the deadline, receiving notice from the bankruptcy court's Electronic Case Files (ECF) system that the complaint was filed at 12:16 a.m. on April 23. This was 36 minutes after Call entered the court's ECF system to file the complaint. To avoid dismissal of its complaint as untimely, the Bank has argued that it was entitled to additional time to file because Call's efforts to file were complicated and delayed by ECF to such an extent that, in effect, the court's system was in technical failure or inaccessible to counsel when he tried to file. The Bank also contends that its complaint was in fact timely filed. After an evidentiary hearing, the bankruptcy court rejected the arguments, finding that the system was working properly, the complaint was untimely, and Call himself caused the delays.

The Bank appealed to the district court, which affirmed. On appeal to this court, "we treat the . . . district court as a subordinate appellate tribunal whose rulings are not entitled to any deference (although they may certainly be persuasive)." *Nelson v. Long (In re Long)*, 843 F.3d 871, 873 (10th Cir. 2016) (internal quotation marks omitted). We review legal issues de novo, and we review the bankruptcy court's fact-findings for clear error. *See id.* Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

I.     BACKGROUND

In December 2018 a Utah state court entered judgment in favor of the Bank's claim against Beal for $237,683.01 owed on loans collateralized by cattle and other property. On January 15, 2019, Beal filed for bankruptcy under Chapter 7 in the

United States Bankruptcy Court for the District of Utah. The Bank sought to prevent Beal from discharging his debt to the Bank on two grounds: (1) the debt was not a dischargeable debt because Beal had willfully or maliciously injured the Bank when he sold cattle after his default, *see* 11 U.S.C. § 523(a)(6), (c); and (2) Beal had forfeited his right to a discharge in bankruptcy because he had failed to preserve records of, and had made false statements regarding, cattle sales and other aspects of his finances, *see id.* § 727(a)(3), (4). The deadline for the Bank to file a complaint raising these claims was Monday, April 22, 2019, sixty days after the first meeting of Beal's creditors on February 20, 2019. *See* Fed. R. Bankr. P. 4004(a) (time limit for filing complaint under § 727(a)); Fed. R. Bankr. P. 4007(c) (time limit for filing complaint under § 523(c)).

For a number of years the Utah Bankruptcy Court has required that all filings on behalf of represented parties be submitted electronically. *See* Fed. R. Bankr. P. 5005(a)(2)(A); Bankr. D. Ut. LBR 5005-2(a); *In re Beal*, 616 B.R. 140, 148 & n.37 (Bankr. D. Utah 2020) (electronic filing in Utah Bankruptcy Court began in 2002), *aff'd sub nom. State Bank of S. Utah v. Beal*, 633 B.R. 398 (D. Utah 2021). Call was registered with the court as an electronic filer and had an ECF username and password. To be registered, he had to have been trained in use of the system. *See* Bankr. D. Ut. LBR 5005-2(b)(2) ("Once registered and training is complete, the ECF Filer will receive notification of a user log-in and password.").

The normal hours during which the Utah Bankruptcy Court clerk's office is open to the public are 8:00 a.m. to 4:30 p.m. each weekday. Bankr. D. Ut. LBR 5001-

1(b). Electronic filers might benefit from filing within this window because the court runs an ECF help desk that attorneys can call when the clerk's office is open. But electronic filing is not limited to office hours. An electronically filed complaint is deemed timely if filed "at midnight in the court's time zone" on the filing deadline. Fed. R. Bankr. P. 9006(a)(4); *see also* Bankr. D. Ut. LBR 5005-2(c)(2). Under the Utah Bankruptcy Court's local rules, "A document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the court." Bankr. D. Ut. LBR 5005-2(c)(1). The problem for the Bank is that its Notice of Electronic Filing states that its complaint was filed at 12:16 a.m. on April 23.

The following account summarizes evidence presented at a two-day evidentiary hearing conducted by the bankruptcy court to determine the timeliness of the Bank's complaint.

As final preparation for filing the complaint challenging the discharge of Beal's debt to the Bank, Call deposed Beal under Fed. R. Bankr. P. 2004 from 9:30 a.m. to about 3:00 p.m. on April 22. Call and another attorney had begun drafting the complaint and compiling exhibits before the deposition. Call resumed work on the complaint at 4:21 p.m. on the 22nd and completed the draft and exhibits by 11:36 p.m. The final step was to file the complaint. Call entered the ECF system at 11:40 p.m.[1]

---

[1] Call claimed in an email he sent on April 23 that he "first attempted to file at 11:35 p.m." Aplt. App. at 405. The Bank said the same in its district-court briefing and in its bankruptcy-court motion to extend the filing deadline. But Call's account

4

An attorney using the Utah Bankruptcy Court's ECF system to file such a complaint logs onto ECF and is led through a series of pages (or screens) that allow the filer to open an adversary case against a debtor. The filer enters the case number of the bankruptcy proceeding that gave rise to the dispute and, on the following pages, fills in required information about the creditor and debtor. ECF also asks the filer to enter basic information about the litigation, including the provision of the Bankruptcy Code that supports the complaint and whether the creditor asks for a jury trial. The Bank has contended that the system malfunctioned in two respects, causing Call to miss the deadline.

### A. The Demand Box

The first alleged malfunction concerned the page at which the filer states the amount in dispute. The filer is presented with an empty box next to which text reads *Demand ($000)*; on the page, this looks like "Demand ($000)　　　." The filer should enter in the box the amount of debt that the complaint alleges should not be discharged.

In an email sent shortly before 6:00 p.m. on April 23, about 18 hours after the complaint was filed, Call described the problem: "[W]hen I inserted the dollar amount into the window . . ., the system would state that an integer was missing. Despite entering various numbers and various configurations, including with and without dollar signs and com[m]as, the system would not move to a new window.

---

for the ECF system shows, and the bankruptcy court found, that Call logged onto ECF at 11:40 p.m. 616 B.R. at 143.

After a significant amount of time and numerous attempts I inserted an inaccurate number of 2000 and then it moved to the next window." Aplt. App. at 405.

At the evidentiary hearing Call elaborated as follows: Upon first encountering the demand box, he entered the amount of debt the Bank argued should not be discharged. He included a dollar sign and used a comma to delineate thousands of dollars. He received an error message that he recalled as saying, "integer missing" or "integer is missing." *Id.* at 392, 707. After closing the error message, he removed the comma and tried to proceed. He "went through a host of permutations" but still could not advance to the next page. *Id.* at 708. He then began to enter "random numbers" in the demand box and at some point left it blank. *Id.* Eventually, he was able to advance beyond the page containing the demand box. This occurred shortly after 11:45 p.m., about five minutes after he entered the ECF system.

The bankruptcy court did not credit Call's account. Rather, it believed evidence from court personnel about how the system worked. *See, e.g.*, 616 B.R. at 146 n.21, 150-51. The chief clerk explained that ECF "requires input of an integer for the demand amount that does not include a dollar sign, a comma, or a period, and represents the amount claimed in the Complaint in thousands." Aplt. App. at 574. Thus, entering "2" would signify a demand amount of "$2,000.00." (Gary Gfeller, the bankruptcy court's chief deputy clerk and acting IT manager, and Janene Tanner, an ECF administrator at the bankruptcy court who runs the help desk and trains attorneys to use ECF, also testified that in their experience a user would be able to proceed to the next page in the filing process if the demand box were left blank.) And

Gfeller testified that if a filer entered a non-integer in the demand box, an error message would state, "you have to enter a valid integer number." *Id.* at 904. This message told Call all he needed to know: that he should enter only integers in the demand box.[2]

The court found that there had been no failure in the ECF system. It thought that Call, rushed and worried, must have inadvertently left a dollar sign or punctuation mark in the demand box.[3] 616 B.R. at 144 n.13. And it found that Call must have been able to proceed either by entering only integers or by leaving the demand box completely empty. *See id.* at 144 ("[t]he filer will not be able to proceed

---

[2] Also, Call said he had received "extensive training" to use ECF. Aplt. App. at 748. Tanner and Gfeller, who are responsible for the ECF trainings the bankruptcy court conducts, testified that they would not teach filers to enter a dollar sign in the demand box.

Regarding Call's familiarity with ECF, State Bank contests the bankruptcy court's finding that "[a]s of April 22, 2019, Call had only attempted to file one complaint in this Court during all of 2018 and 2019, and that complaint was the one commencing this adversary proceeding." 616 B.R. at 148. But Call testified this was so. And though the Bank claims Call participated in other bankruptcy cases, it provides no evidence that he was responsible for electronically filing documents in those cases.

The Bank additionally claims that the bankruptcy court does not have an up-to-date manual for the ECF system. It is true the manual was last updated more than a decade before Call's 2019 filing. But the Bank has not pointed to any change in the system that required an update.

[3] On appeal the Bank contests the court's statement that Call never testified whether he removed the dollar sign from the demand box during "these attempts." 616 B.R. at 144. There is some ambiguity about the time frame that the court was referring to. In any event, the court went on to find that Call did eventually advance to the next page, *see id.*; such advance would only be possible had Call removed non-integers. And to the extent the Bank is complaining that the court disbelieved its contention that the ECF system rejected valid entries made by Call, that disbelief, based in part on the court's determination that some of Call's testimony was not credible, was not clearly erroneous.

to the next screen until the filer corrects the error by entering a valid integer number"), 145 n.13 ("It is also possible that the time Call advanced to the next screen was the time when he left the field blank.").[4]

---

[4] The bankruptcy court's full explanation was as follows:

    Call testified that he had tried entering no number in the demand field, but CM/ECF [Case Management/Electronic Case Files] would not advance to the next screen. At least two Court employees testified that CM/ECF will advance to the next screen if the demand field is left blank. At first glance, these pieces of testimony stand in apparent contradiction to each other, and the Court finds it necessary to resolve the conflict.

    This much is clear: Call was unfamiliar with the correct procedure for filling in the demand field. He mistakenly believed that he had to use a dollar sign when entering the amount and did so on his first attempt, along with a comma. That he received the "You have to enter a valid integer number" error message when he did so, far from showing a malfunction, instead demonstrates that CM/ECF was working properly at that time—the system was operating as it was designed. Because Call continued to receive the same error message after trying his various permutations, the Court finds that this is conclusive proof that he continued to use a dollar sign, comma, or some other prohibited punctuation mark or symbol. It would be too curious a coincidence if the CM/ECF system, which had been functioning correctly up to that point, suddenly stopped working and, just by chance, mistakenly and repeatedly issued the same error message to Call that he had previously triggered moments before by using dollar signs and commas. The only plausible explanation for the CM/ECF system producing the "You have to enter a valid integer number" error message is that Call, feverishly trying to get past the demand field, continued entering prohibited symbols and punctuation marks.

    Therefore, to the extent that Call's testimony can be interpreted as asserting that he left the demand field blank but the CM/ECF system would not advance to the next screen, the Court finds that testimony not credible. Other, far more likely, explanations exist. For example, Call could have entered only a dollar sign—without numbers—in the demand field. That would be consistent with entering "no number" but failing to advance to the next screen. It is also possible that the time Call advanced to the next screen was the time when he left the field blank. But the explanation that finds the least support in the facts or in logic is that Call left the demand field blank and the CM/ECF system did not advance to the next screen. The Court

### B. The Filing Fee Page

Call next complained of problems with paying the filing fee. But he identified nothing with respect to the ECF system's payment pages or the required payment method that kept him from filing the Bank's complaint. He did not contest the evidence that a complaint can be electronically filed without the filer first paying the filing fee nor that if he simply continued through the pages of the system he would have had no problem filing the complaint. What slowed Call down was that he mistakenly believed that he needed to pay the fee before the complaint could be filed and, rather than continuing to complete the pages in the order that they appeared before him (which would, and eventually did, result in the filing of the complaint), he kept using the back button on his browser (this button is not a feature of ECF) in a fruitless search for the page that would allow him to pay the fee.[5]

At the evidentiary hearing the Bank offered screen shots of several pages within the court's ECF system that bore the heading "Open Adversary Case."[6] One asks the user to select the form of payment of the filing fee and the following page

---

      therefore lends no credence to this explanation and finds no conflict
      between the testimony of Call and that of the Court employees.

616 B.R. at 144 n.13 (citation omitted).

    [5] The Bank claims Call's browser "cached," or stored, the dollar signs and commas Call had entered in the demand box and that this kept Call from proceeding in ECF after he used his browser's back button. But, as the court found, Call was able to file the complaint after using the back button. *See* 616 B.R. at 146-47. And a screen shot the Bank submitted into evidence shows that Call's browser did not cache dollar signs or commas: the cache includes only the integers 2000, 200, and 200000.

    [6] The screen shots were not taken contemporaneously with the Bank's filing, but they replicate some of the pages Call encountered while filing.

states that the fee is $350. Neither page states that the fee must be paid before the complaint can be filed. Indeed, payment cannot be made until after the complaint is filed. And though Call testified that he was unable to pay following his 12:16 a.m. filing, Call's assistant had no problem making the payment at 8:59 a.m. on the morning of April 23. Call's concern that he needed to pay before he could file unnecessarily delayed the filing, as he clicked on buttons within ECF and in his browser—receiving error messages and returning to ECF pages he had already seen—to try to get to a payment page before filing. But, as the bankruptcy court found, this delay was not caused by any malfunction of the ECF system.[7]

### C. The Filing Date

The Bank contended that in any event the complaint was filed on time. Under the Utah Bankruptcy Court's local rules, "A document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the court." But the Notice of Electronic Filing that the ECF system produced for the complaint states that the filing was at 12:16 a.m. on April 23, 2019. The Bank has provided no evidence of any other notice; in particular, Call did not testify that he saw or received a notice with an earlier date. Nevertheless, the Bank argues that two pieces of evidence show that the filing was on April 22.

---

[7] Even with his missteps, Call was able to file by 12:16 a.m., a delay of only a few minutes. He entered ECF at 11:40 p.m.; when he did not find the payment page by 11:58 p.m., he left ECF and took 11 minutes to email the complaint and exhibits to opposing counsel; he then began the filing process again and filed the complaint within seven minutes, by 12:16 a.m. In short, he spent a total of just 25 minutes in the ECF system.)

First, the Bank points to the case report generated by the ECF system showing that the adversary proceeding was filed on April 23 but entered on April 22. That would be remarkable for an ordinary nonelectronic filing, where a pleading is first filed with the clerk and later entered on the docket. But the bankruptcy court reasonably believed Gfeller's testimony that the "Entered" date on the case report simply reflects the day on which Call entered the system to proceed with the filing. There is no discrepancy.[8]

Second, the Bank entered into evidence a transaction log for Call's account that reflects three events occurring at 12:16 a.m. on the 23rd:

1. Call opened a new adversary proceeding—he filed State Bank's complaint.

2. ECF automatically issued a summons to parties to that proceeding.

3. The transaction log recorded a message reading, "This is a temporary log entry to handle timing issues with docketing the same event many times." Aplt. App. at 568.

The Bank argued that the third entry meant Call attempted to file the Bank's complaint multiple times before 12:16 a.m. on April 23, including the entry of information on April 22. Call testified to his belief that he filed State Bank's complaint three times: twice on the 22nd and once on the 23rd.

---

[8] The Bank's Notice of Electronic Filing in fact shows no difference between the entered and filed dates: it states that the complaint was "entered on 4/23/2019 at 0:16 AM MDT and filed on 4/23/2019." Aplt. App. at 1015.

11

The court, however, believed Gfeller's explanation for the entry. Gfeller testified that he was able to induce the entry in a test he ran. In the test, when Gfeller reached the Notice of Electronic Filing screen at the end of the electronic-filing process, he used the back button in his browser. This returned him to a prior screen informing him that the pleading was ready for filing. When Gfeller toggled back and forth between these screens "a couple of times," the transaction log showed the "temporary log entry" message. *Id.* at 887. The court could infer that Call induced such an entry when he used the back button on his browser to try to pay the filing fee before filing.[9] In any event, there was no evidence that the entry showed that Call had effected a filing of the complaint—that is, seen a Notice of Electronic Filing—before April 23.[10]

## II. DISCUSSION

We can dispose of the Bank's arguments on appeal with little discussion.

First, the Bank challenges the findings of the bankruptcy court. But, as our summary of the evidence establishes, the court did not clearly err in finding that Call's problems with filing the complaint were caused by his errors rather than by

---

[9] Gfeller's test did not, however, duplicate Call's description of his experience. Call never stated that he saw a Notice of Electronic Filing and then used the back button.

[10] The Bank asserts that the amount Call entered in the demand box when he finally filed the complaint was 2000000. But it does not explain why this is relevant to whether the complaint was timely filed. In any event, the evidence does not support the assertion. As the bankruptcy court found, "the demand amount was initially $200,000,000, which is consistent with Call entering 200000 into the demand field" because the demand amount is recorded in thousands. 616 B.R. at 147.

any defects in the court's ECF system. The Bank therefore has no factual basis for any relief. It claims that the filing deadline must be extended because the ECF system was inaccessible or experiencing technical failure when Call tried to file on the 22nd. *See* Fed. R. Bankr. P. 9006(a)(3); Bankr. D. Ut. LBR 5005-2(g). But it nowhere suggests that these rules would entitle it to relief from the filing deadline if—as the bankruptcy court reasonably found—ECF was properly functioning during Call's filing. The Bank also argues that the bankruptcy court should have granted it equitable relief from the filing deadline. *See* 11 U.S.C. § 105. This claim, too, rests on the view, which the court properly rejected, that something was amiss with the system.[11]

Second, the Bank argues that the decisions of the bankruptcy and district courts to dismiss Beal's complaint under Fed. R. Civ. P. 12(b)(6) or its twin Fed. R. Bankr. P. 7012(b) contravened *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those precedents, the Bank says, required each court to address each of its claims to determine whether the Bank stated a valid claim for relief assuming the allegations supporting the claim were true. But the sufficiency of the allegations in a complaint is irrelevant to whether a complaint is timely filed. And the Bank, although disagreeing with the bankruptcy court's findings, has not challenged the authority of the bankruptcy court to resolve

---

[11] The Bank claims, in connection with its argument for equitable relief, that Beal was not prejudiced by the late filing. Because the Bank has failed to establish other predicates for equitable relief, we need not address the claim.

13

the timeliness issue based on its assessment of the evidence at the evidentiary hearing.

Third, the Bank argues that discharge of Beal's debts does not prevent enforcement of its security interests in the cattle nor vitiate its request for an accounting of the items Beal purchased with money loaned by the Bank. But Beal's appellate brief asserts that these issues were never argued in bankruptcy court, and the Bank responds only that the claims were raised in its complaint. Because of the Bank's implicit concession that these issues were never argued in the bankruptcy court, we must hold that the issues were forfeited; and because the Bank did not argue for plain-error review, the issues are waived. *In re Rumsey Land Co., LLC*, 944 F.3d 1259, 1271 (10th Cir. 2019) ("If an appellant does not explain how its forfeited arguments survive the plain error standard, it effectively waives those arguments on appeal.").

### III.   CONCLUSION

The judgment below is **AFFIRMED**.

                                    Entered for the Court

                                    Harris L Hartz
                                    Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

December 14, 2022

Mr. Steven W. Call
Ray Quinney & Nebeker
36 South State Street, Suite 1400
Salt Lake City, UT 84111

RE:   21-4124, State Bank of Southern Utah, et al v. Beal
      Dist/Ag docket: 2:20-CV-00298-DBB

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:    William P. Morrison

CMW/djd

United States Bankruptcy Court
District of Utah

State Bank of Southern Utah,
    Plaintiff

Adv. Proc. No. 19-02043-RKM

Beal,
    Defendant

# CERTIFICATE OF NOTICE

| District/off: 1088-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jan 05, 2023 | Form ID: pdfor1 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 07, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Allen Beal, 409 W 100 So, Ephraim, UT 84627-1340 |
| pla | + | State Bank of Southern Utah, 36 South State, Salt Lake City, Ut 84111-1401 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | | Email/Text: ustpregion21.hr.ecf@usdoj.gov | Jan 05 2023 23:29:00 | Monsita Lecaroz Arribas, OFFICE OF THE US TRUSTEE (UST), OCHOA BUILDING, 500 TANCA STREET SUITE 301, SAN JUAN, PR 00901 |
| ust | + | Email/Text: ustpregion19.sk.ecf@usdoj.gov | Jan 05 2023 23:29:00 | United States Trustee, Washington Federal Bank Bldg., 405 South Main Street, Suite 300, Salt Lake City, UT 84111-3402 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 07, 2023    Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 5, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Justin Michael Kuettel | |

| District/off: 1088-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jan 05, 2023 | Form ID: pdfor1 | Total Noticed: 4 |

        on behalf of Plaintiff State Bank of Southern Utah jkuettel@rqn.com  moakeson@rqn.com

Steven W. Call
        on behalf of Plaintiff State Bank of Southern Utah scall@rqn.com  docket@rqn.com,tzimmerman@rqn.com

William P. Morrison
        on behalf of Defendant Allen Beal willmorrison01@gmail.com  G23388@notify.cincompass.com

TOTAL: 3